■ SMITHTOWN GALLERIA II, LLC, Respondent, v GEORGE GMYTRASIEWICZ et al., Appellants. [794 NYS2d 664]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Suffolk County (Loughlin, J.), dated March 16, 2004, which denied their motion, among other things, for summary judgment dismissing the complaint and to dismiss the complaint pursuant to CPLR 3211 (a) (1), and searched the record and awarded the plaintiff summary judgment dismissing their second affirmative defense and dismissing, in part, their third affirmative defense.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action, inter alia, to recover damages for breach of contract to purchase certain real property. The defendants asserted as affirmative defenses, among other things, that the plaintiff repudiated the purchase agreement by unilaterally setting a closing date in violation of the express contract terms, by depriving them of the opportunity to inspect the property, and by imposing additional closing fees.

The defendants moved, inter alia, for summary judgment dismissing the complaint and to dismiss the complaint pursuant to CPLR 3211 (a) (1). The Supreme Court denied the motion and searched the record and awarded summary judgment to the plaintiff dismissing their second affirmative defense and dismissing, in part, their third affirmative defense.

A party moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, offering sufficient evidence to demonstrate the absence of any triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Zuckerman v City of New York,* 49 NY2d 557 [1980]). Contrary to the defendants' contention, the Supreme Court properly denied that branch of their motion which was for summary judgment dismissing the complaint since they failed to establish their prima facie entitlement to such relief.

In addition, the Supreme Court properly denied that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1) and searched the record and awarded the plaintiff summary judgment dismissing the defendants' second affirmative defense and dismissing, in part, their third affirmative defense, since the documentary evidence clearly refuted those affirmative defenses (*see generally* CPLR 3212 [b]; *Dunham v Hilco Constr. Co.,* 89 NY2d 425, 429 [1996]). Cozier, J.P., Krausman, Mastro and Fisher, JJ., concur.