■ DIMITRIOS RESSIS, Appellant, v DAVID MACTYE et al., Respondents. — Appeal (1) from an order of the Supreme Court at Special Term (Tillman, J.), entered March 14, 1983 in Monroe County, which, *inter alia,* dismissed the complaint for failure to state a cause of action and *res judicata,* and (2) from the judgment entered thereon. On June 23, 1980, in the course of a matrimonial action, the parties entered into a stipulation pursuant to which each of the litigants, and their daughter, agreed to submit to separate examinations by a mutually agreed upon mental health practitioner. At the conclusion of any interviews, consultations and testing, the mental health practitioner was to prepare a report which would include a recommendation as to child custody and visitation arrangements. The parties agreed that such report was to be forwarded to the attorneys for both parents, and in the event of a dispute as to custody or visitation rights, the report could be placed in evidence by either or both parties. An order of the Supreme Court implementing the terms of the stipulation was entered on August 21, 1980. During the summer and early fall of 1980, the parties and their daughter were seen in consultation by defendants who then prepared and submitted a report to the attorneys for the respective parties. Thereafter, when plaintiff husband was allegedly deprived of visitation rights with his daughter, he caused a summons and complaint to

be served upon defendants alleging eight separate causes of action, several unknown to the law. After issue was joined, plaintiff sought by way of interrogatories to discover the contents of the medical evaluation report prepared by defendants. On March 10, 1983, Special Term, pursuant to defendants' motion to strike the interrogatories, granted the motion and, *sua sponte,* granted summary judgment dismissing the complaint on the ground that it failed to state a viable cause of action. Plaintiff appealed to the Appellate Division of Supreme Court for the Fourth Department. On that court's motion and upon consent of this court, the appeal was transferred to this court. There must be a reversal. CPLR 3212 (subd [a]) clearly states that "[a]ny *party* may move for summary judgment in any action, after issue has been joined" (emphasis added). Here, neither party moved for summary relief. Accordingly, Special Term was without authority to grant *sua sponte* relief under CPLR 3212. This court has denied summary judgment to an appellant where neither he nor the opposing party in the main action had moved for such relief, even though summary relief had been requested in a third-party action (*Sutton v Cobb,* 50 AD2d 995; see, also, *Matter of Fulton Cama, Inc. v Trustees of Vil. of Farmingdale,* 72 AD2d 813, 814). Further, since neither party herein made a CPLR 3211 motion, Special Term also lacked authority to grant summary judgment pursuant to CPLR 3211 (subd [c]). Defendants' contention that CPLR 3017 (subd [a]) grants authority for Special Term to grant *sua sponte* summary relief is without merit. A court may grant undemanded relief only if there is no substantial prejudice to the adverse party. Here, plaintiff may have made different offers of proof to defeat a summary judgment motion if defendants had so moved or if the court had advised plaintiff that it intended to consider such relief. As a leading commentator has stated, "[I]f there is any possibility that additional proof may exist which the party did not submit * * * but which he would submit on a summary judgment motion, the court should not, sua sponte and without advising a party in advance, render a summary judgment against him" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3211:44, p 48). Finally, since it is undisputed that the litigants and their daughter stipulated to submit to separate examinations by defendants, and also agreed that the written evaluations were to be forwarded to the attorneys for both parties and entered into evidence in the matrimonial trial, they are deemed to have waived their respective physician-patient privileges. Thus, the reports are discoverable (*Morris v New York, Ontario & Western Ry. Co.,* 148 NY 88). It follows, therefore, that Special Term also erred in granting defendants' motion to strike plaintiff's interrogatories. Order and judgment reversed, on the law, with costs, and motion denied. Mahoney, P. J., Sweeney, Casey, Weiss and Levine, JJ., concur.