■ MARY E. DE PAN, Respondent, v FIRST NATIONAL BANK OF GLENS FALLS, Defendant and Third-Party Plaintiff-Appellant-Respondent. HARRY M. DE PAN, Third-Party Defendant-Respondent-Appellant. — Cross appeals from an order of the Supreme Court at Special Term (Dier, J.), entered December 28, 1982 in Warren County, which granted third-party defendant's motion to dismiss the third-party complaint and denied third-party defendant's motion to dismiss the complaint. In May of 1978, when plaintiff and third-party defendant were married to one another, the parties entered into a written agreement whereby plaintiff and third-party defendant formed a joint agency account which was to be managed by defendant bank pursuant to the terms of the agreement. On April 11, 1980, pursuant to a written request by third-party defendant, the bank terminated the joint agency account and created an individual account in the name of third-party defendant. Plaintiff commenced this action against the bank alleging a violation of the joint agency account agreement. The bank's motion to dismiss the complaint was denied, but no appeal was taken. After issue was joined, the bank impleaded third-party defendant. Plaintiff has not amended her complaint to include a complaint against third-party defendant. Third-party defendant then moved to dismiss both plaintiff's complaint and the third-party complaint for failure to state a cause of action. Special Term granted the motion as to the third-party complaint but refused to dismiss plaintiff's complaint. Defendant has appealed and third-party defendant has cross-appealed. The inquiry on a motion to dismiss pursuant to CPLR 3211 (subd [a], par 7) is whether a cause of action has been stated, not whether a cause of action can be proved (*Gabrielle v Craft*, 75 AD2d 939). Accordingly, all of the allegations in the complaint must be assumed to be true and the pleadings as a whole are deemed to allege whatever cause of action may be implied from its statement by fair and reasonable intendment (*Gabrielle v Craft, supra*). Third-party complaints are entitled to the same liberal construction as a complaint on a motion to dismiss (*North Colonie Cent. School Dist. v MacFarland Constr. Co.*, 60 AD2d 685). Dealing first with the motion to dismiss plaintiff's complaint, we hold that such relief was properly denied. Initially, we note that, contrary to plaintiff's argument, a third-party defendant may move to dismiss the complaint despite the fact that the plaintiff has not asserted a claim directly against the third-party defendant (see *Lewis v Borg-Warner Corp.*, 35 AD2d 722; 2 Weinstein-Korn-Miller, NY Civ Prac, par 1008.03). Plaintiff's complaint, though inartfully drawn, does, upon a liberal reading, state the elements necessary to causes of action for breach of contract and conversion. Finally, third-party defendant's argument that a separation agreement and divorce decree between himself and plaintiff determined his entitlement to the account such that the complaint should have been dismissed on the grounds of *res judicata* and documentary evidence (CPLR 3211, subd [a], par 1) must be rejected. Plaintiff's complaint asserts causes of action against the bank, and the bank was not a party to the separation agreement or the matrimonial action. Summary dismissal pursuant to the theories of *res judicata* or documentary evidence would, therefore, be inappropriate. Turning to the third-party complaint, we conclude that Special Term erred in dismissing such pleading. The test on a motion to dismiss a third-party complaint is whether the third-party defendant may be liable to the third-party plaintiff, for whatever reason, for the damages for which the latter may be liable to the plaintiff (*Rausch v Garland*, 88 AD2d 1021). In its third-party complaint, the bank alleges that it changed the account from a joint agency account to an individual account on the instructions of third-party defendant and that, after

the change, third-party defendant was in possession and control of the funds in the account. In our view, such allegations are sufficient to withstand dismissal of the third-party complaint. We are aware that plaintiff and third-party defendant are divorced and that all marital assets have been equitably distributed in accordance with the provisions of section 236 of the Domestic Relations Law, thereby raising the possibility that plaintiff has received all of the marital assets to which she is entitled. However, in the absence of a CPLR 3212 motion for summary relief by defendant bank or third-party defendant, neither Special Term nor this court can, *sua sponte,* grant such relief (see *Matter of Fulton Cama, Inc. v Trustees of Vil. of Farmingdale,* 72 AD2d 813, 814). Next, while the third-party defendant moved pursuant to CPLR 3211 to dismiss the complaint, Special Term did not convert the motion to one for summary judgment (see CPLR 3211, subd [c]). A court may grant undemanded relief only if there is no substantial prejudice to the adverse party. Here, plaintiff may have made different offers of proof to defeat a summary judgment motion if defendant bank or third-party defendant had so moved below (see *Ressis v Mactye,* 98 AD2d 836). Order modified, on the law, by reversing so much thereof as partially granted third-party defendant's motion dismissing the third-party complaint, the motion is denied in its entirety, and, as so modified, affirmed, without costs. Mahoney, P. J., Kane, Main, Casey and Levine, JJ., concur.