■ BERNICE M. CONROY, Respondent, v RUTH H. SWARTOUT, Appellant.—Levine, J. Appeal from an order and judgment of the Supreme Court (Hughes, J.), entered April 10, 1987 in Albany County, which, *inter alia,* granted plaintiff summary judgment on the third cause of action in the amended complaint.

Plaintiff is the widow of the late William E. Conroy, to whom she was married for more than 35 years before his death on July 3, 1986. She was also named as the executrix and sole beneficiary under Conroy's last will and testament. Conroy and plaintiff, however, were estranged before his death and he was living with another woman, the defendant in this action. A divorce action had been commenced by plaintiff and she had obtained an order therein restraining Conroy from transferring any interest in his retirement and shareholder plans with his employer, the Ford Motor Company. In June 1986, Conroy, who was terminally ill with cancer, signed over and delivered certificates to his Ford Motor Company stock to defendant with instructions not to open the envelope containing them until his death. Upon Conroy's death several weeks later, defendant arranged for a funeral and burial without notifying plaintiff or Conroy's children. Defendant also had the Ford Motor Company stock transferred to her name.

Plaintiff subsequently brought suit against defendant on two causes of action in tort. Her first cause of action alleged that defendant wrongfully converted personal property of Conroy consisting of automobiles, clothing, bank accounts, and salary and retirement checks. Her second cause of action claimed damages for the emotional distress caused plaintiff, as Conroy's next-of-kin, for defendant's wrongful withholding of his body in having him buried without notifying plaintiff.

After joinder of issue and pretrial disclosure, plaintiff moved (1) for leave to serve an amended complaint adding a third cause of action to set aside the transfer to defendant of Conroy's corporate stock as a fraudulent conveyance, and (2) for summary judgment upon the second cause of action in the complaint. Defendant then moved to dismiss plaintiff's second cause of action and submitted an affidavit in opposition to plaintiff's motion for summary judgment on that cause of action. Before the single return dates on these several motions, defendant's attorney consented in writing to the amendment of the complaint to add the third cause of action and submitted an answer to that cause of action consisting of a general denial and an affirmative defense, *inter alia,* that the conveyance of Conroy's Ford Motor Company stock to defendant was a valid gift *causa mortis.*

Supreme Court, noting that defendant had consented to the amendment of the complaint adding a cause of action alleging the fraudulent conveyance of Conroy's Ford Motor Company stock and had submitted an answer thereto, held that all of both parties' amended pleadings were property before the court. However, it erroneously characterized defendant's motion to dismiss plaintiff's second cause of action as based upon defendant's gift *causa mortis* defense to plaintiff's claim that the transfer of corporate stock was a fraudulent conveyance. Supreme Court further held that the motions permitted the court to "search the record" and award summary judgment where appropriate. Since defendant had not submitted any factual basis in support of her affirmative defense that Conroy's conveyance of the Ford Motor Company stock was a valid gift *causa mortis,* the court *sua sponte* granted summary judgment to plaintiff on her newly added third cause of action. The court also granted partial summary judgment in favor of plaintiff on her second cause of action and severed and transferred her first cause of action to Surrogate's Court. Defendant appeals solely from the granting of summary judgment to plaintiff on the third cause of action.

In our view, Supreme Court erroneously granted plaintiff

summary judgment on the third cause of action of the amended complaint. Despite the court's contrary impression, neither party had moved for judgment as to this cause of action to set aside the transfer of the Ford Motor Company stock, which was clearly separate and distinct from plaintiff's first cause of action, for tortious conversion of other of his assets, and from the second cause of action, based upon tortious interference with plaintiff's right to possession of her husband's body. The statutory authority to search the record and grant summary judgment to a party who has not sought such relief is that portion of CPLR 3212 (b) which provides that "[i]f it shall appear that any party other than the moving party is entitled to a summary judgment, the court may grant such judgment without the necessity of a cross-motion" *(see, Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 110-111). As the quoted excerpt from CPLR 3212 (b) indicates, the power to grant summary judgment to a nonmoving party is predicated upon a motion for that relief by another party. The cases, therefore, have denied the authority to *sua sponte* grant summary judgment unless some party has moved for it *(Prosser v Gouveia,* 98 AD2d 992, 993; *De Pan v First Natl. Bank,* 98 AD2d 885, 886; *Ressis v Mactye,* 98 AD2d 836, 837). The fact that both parties had moved with respect to plaintiff's second cause of action does not change this result. A motion for summary judgment must be addressed to one or more specific causes of action or defenses *(see,* CPLR 3212 [b]). A motion for summary judgment on one claim in any action does not permit a searching of the record to grant summary judgment on a separate, unrelated claim or defense as to which no such motion by *any* party has been made *(Sutton v Cobb,* 50 AD2d 995, 996).

Order and judgment modified, on the law, without costs, by reversing so much thereof as granted plaintiff summary judgment on the third cause of action in the amended complaint, without prejudice to a motion by plaintiff for such relief, and, as so modified, affirmed. Main, J. P., Casey, Weiss, Mikoll and Levine, JJ., concur.