OPINION OF THE COURT
 

 Chief Judge Kaye.
 

 This personal injury action calls upon us to define the extent to which a court can search the record pursuant to CPLR 3212 (b) and award summary judgment to a nonmoving party. Here, by itself granting defendant summary judgment on an issue that was not presented in the motion papers, the Appellate Division exceeded its statutory power. We therefore reverse the Appellate Division’s dismissal of plaintiff’s negligence claim and remit the matter to the trial court for further proceedings.
 

 According to the complaint, on March 31, 1989, plaintiff, an employee of subcontractor Louis Calhoun, was working at a construction site in Queens. Plaintiff began unloading a concrete reinforcement bar (rebar) with an employee of Hilco Construction Company, another subcontractor. As the Hilco employee — who was standing — lifted his end of the 15-foot-long rebar, plaintiff, then in a squatting position, grasped his end
 
 *428
 
 and started to stand. The Hilco employee suddenly "snatched” the rebar, causing plaintiff to lose his balance, stumble to his knees and injure his back.
 

 Plaintiff commenced a damages action against a number of parties — Marc, Howard, Joel and Maxine Beige, the premises owners; Salk Construction Corporation, the general contractor; and Hilco — on a common-law negligence theory. Salk and Hilco impleaded Calhoun. Plaintiff then amended his complaint, asserting one cause of action against Salk and Hilco for negligence on the part of their employees, and a second against the Beiges and Salk for common-law negligence and associated violations of Labor Law §§ 200, 240 and 241 (6). Salk sought summary judgment, and the Beiges and Calhoun each cross-moved for summary judgment. Neither Hilco nor plaintiff asked for summary judgment.
 

 On consent of plaintiff, the trial court dismissed the complaint as to Salk and the Beiges under Labor Law §§ 200 and 240, but it denied summary judgment on plaintiff’s Labor Law § 241 (6) claim finding triable issues of fact. The court also denied Calhoun’s motion for summary judgment on the third-party complaints. Urging that
 
 Ross v Curtis-Palmer Hydro-Elec. Co.
 
 (81 NY2d 494) (decided after the trial court’s order) changed the law with regard to plaintiff’s Labor Law § 241 (6) claim, Salk and Calhoun moved to renew or reargue. The trial court granted reargument but, upon reargument, adhered to its determination.
 

 On appeal by Salk and Calhoun, the Appellate Division reversed, dismissed the actions against them, and on searching the record also dismissed the complaint against the Beiges and Hilco. The court stated that "because the plaintiff previously consented to the dismissal of his causes of action under Labor Law § 200 and because Labor Law § 200 is merely a codification of an owner’s and general contractor’s common-law duty to provide workers with a safe place to work * * * the plaintiff’s common-law negligence cause of action as against all the defendants should * * * be dismissed” (221 AD2d 586, 587).
 

 Plaintiff contends that the Appellate Division erred in dismissing his common-law negligence claim against Hilco. He urges that the Appellate Division wrongly construed his consent to dismissal of his Labor Law § 200 claims against the Beiges and Salk as an abrogation of his common-law negligence claim against Hilco. By doing so, asserts plaintiff, the Appellate Division inappropriately granted summary judgment to
 
 *429
 
 Hilco, a nonmovant, on an issue not addressed in the motion papers. We agree.
 

 As plaintiff argues, consent to dismissal of the Labor Law § 200 claims against the Beiges and Salk did not foreclose a common-law negligence claim against Hilco.
 

 Labor Law § 200 essentially "codifies landowners’ and general contractors’ common-law duty to maintain a safe workplace”
 
 (Ross v Curtis-Palmer Hydro-Elec. Co.,
 
 81 NY2d at 505). When, after depositions, it became apparent that plaintiff’s Labor Law § 200 claims against the Beiges and Salk lacked merit, plaintiff consented to a dismissal of those statutory claims. In that plaintiff’s negligence claims against those parties were predicated on the same theory — that they had failed to provide plaintiff with a safe workplace — those common-law claims were also dismissed.
 

 Plaintiff’s theory of liability as to Hilco, however, was different. Plaintiff’s claim against Hilco was based on the negligence of its employee, attributable to Hilco under the doctrine of respondeat superior. Consent to dismissal of the Labor Law § 200 claim against the Beiges and Salk therefore did not also carry with it plaintiff’s common-law claim against Hilco.
 

 We agree with plaintiff, moreover, that the Appellate Division lacked authority to award Hilco, a nonmovant, summary judgment on an issue not presented by the motions.
 

 Resolution of this issue turns on our reading of CPLR 3212 (b), which states that if "it shall appear that any party other than the moving party is entitled to a summary judgment, the court may grant such judgment without the necessity of a cross-motion.” As we held in
 
 Merritt Hill Vineyards v Windy Hgts. Vineyard
 
 (61 NY2d 106), the Appellate Division has the authority to grant summary judgment in favor of a nonmoving party even in the absence of a cross appeal by that party. That reading of CPLR 3212 (b) is consistent with the laudatory purposes of summary judgment, which promotes efficient case resolution.
 

 The Appellate Division’s power to search the record and afford a nonmoving party summary relief is not, however, boundless
 
 (see generally,
 
 Siegel, NY Prac § 282, at 412 [2d ed]; 4 Weinstein-Korn-Miller, NY Civ Prac 3212.08, at 32-187 to 32-189). Recognizing that "[a] motion for summary judgment must be addressed to one or more specific causes of action or defenses”
 
 (Conroy v Swartout,
 
 135 AD2d 945, 947), the Appellate Divisions have uniformly held that a court may search the rec
 
 *430
 
 ord and grant summary judgment in favor of a nonmoving party only with respect to a cause of action or issue that is the subject of the motions before the court
 
 (see, e.g., Frank v City of New York,
 
 211 AD2d 478, 479 [1st Dept];
 
 Mercedes-Benz Credit Corp. v Dintino,
 
 198 AD2d 901, 902 [4th Dept];
 
 Marshall v New York City Health & Hosps. Corp.,
 
 186 AD2d 542, 543-544 [2d Dept];
 
 Conroy v Swartout, supra
 
 [3d Dept]).
 

 The need for such a limitation is obvious. Apart from considerations of simple fairness, allowing a summary judgment motion by any party to bring up for review every claim and defense asserted by every other party would be tantamount to shifting the well-accepted burden of proof on summary judgment motions
 
 (see, GTF Mktg. v Colonial Aluminum Sales,
 
 66 NY2d 965, 967-968 [a moving party must assert some basis in support of its summary judgment motion before an opposing party has the burden of producing contrary evidence]). In light of the good sense underlying the unanimous support in the Appellate Divisions for a restriction on a court’s power to award summary judgment in favor of a nonmoving party on an issue unaddressed in the summary judgment motions, we adopt that limitation as our own.
 

 Here, the record demonstrates that the Labor Law and associated negligence claims were litigated on the motions for summary judgment by the Beiges, Salk and Calhoun. The question whether Salk and Calhoun could be held liable under common law for the acts of subcontractor Hilco’s employee was also addressed. However, the issue regarding Hilco’s common-law liability arising from the alleged negligence of its employee was not before the court, and should therefore not have precipitated summary dismissal of the complaint.
 

 Accordingly, the Appellate Division’s order, insofar as appealed from, should be reversed, with costs, and the case remitted to Supreme Court for further proceedings in accordance with the opinion herein.
 

 Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order, insofar as appealed from, reversed, etc.