■ JONATHAN RASA et al., Respondents, v ERNEST GREENBLATT et al., Appellants, et al., Defendant. [689 NYS2d 669] —In an action to recover damages for personal injuries, etc., the defendants Ernest Greenblatt and K-Plan Tel, Inc. appeal from so much of an order of the Supreme Court, Suffolk County (Floyd, J.), entered September 16, 1998, as, upon granting the motion of the defendant Debbie Costello for summary judgment dismissing the complaint insofar as asserted against her, searched the record, and granted summary judgment to the plaintiff on the complaint against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the second decretal paragraph thereof is vacated, and a new second decretal paragraph severing the action insofar as against the defendant Debbie Costello is substituted therefor.

The defendant Debbie Costello moved for summary judgment dismissing the complaint and cross claims insofar as asserted against her. The plaintiffs and the defendants Ernest Greenblatt and K-Plan Tel, Inc. (hereinafter K-Plan) opposed

the motion. The Supreme Court granted Costello's motion and then searched the record and awarded summary judgment to the plaintiffs on the complaint against Greenblatt and K-Plan. Since the motion papers did not address the issue of the plaintiffs' right to summary judgment against Greenblatt and K-Plan, the court erred in granting summary judgment on that issue (*see, Dunham v Hilco,* 89 NY2d 425).

The infant plaintiff was injured when he was struck by a car driven by Greenblatt and owned by K-Plan. There is an issue of fact as to whether Greenblatt was negligent in the operation of the car. Accordingly, even if the issue of the liability of those two defendants had been raised in the motion papers, summary judgment should not have been granted to the plaintiffs against Greenblatt and K-Plan. Mangano, P. J., Friedmann, McGinity and Feuerstein, JJ., concur.