■ BARNES & NOBLE, INC., Respondent, v 111 EIGHTH AVENUE L. L. C. et al., Respondents, and P.A. BUILDING COMPANY, Appellant and Cross-Claim Plaintiff-Appellant. DOWNTOWN/ MIDTOWN PROPERTIES L. L. C., Cross-Claim Defendant-Respondent. [728 NYS2d 365] —Orders, Supreme Court, New York County (Jane Solomon, J.), entered December 13, 2000, and judgment, same court and Justice, entered January 4, 2001, which, *inter alia*, granted the cross motion of plaintiff Barnes & Noble, Inc. for summary judgment upon its first cause of action seeking reimbursement from funds held by defendants-respondents (the interpleader defendants), denied the motion of defendant-appellant P.A. Building Company (PABCO) for, *inter alia*, summary judgment dismissing the complaint as against it, and awarded plaintiff judgment on its second cause of action to the extent of entitling plaintiff to interest upon said reimbursement funds from July 21, 1999 to the date of payment, to be recovered from PABCO, unanimously affirmed, with one bill of costs. Appeals from orders, same court and Justice, entered June 30, 2000, and August 16, 2000, unanimously dismissed, without costs.

The court properly found that, under the Contract of Sale, Reimbursement Agreement, Lease, and Assignment of Leases, defendant PABCO, upon its sale of the subject real property, was relieved of its obligation under the Reimbursement Agreement to reimburse plaintiff lessee for improvements made by it to the transferred real property, and was concomitantly relieved of any rights arising from the Reimbursement Agreement, including the right to determine the adequacy of

plaintiff's documentation respecting the renovations for which plaintiff sought reimbursement. Contrary to PABCO's argument, the Interpleader Stipulation did not alter or contradict the new landlord's position that PABCO retained no right to determine whether plaintiff was entitled to reimbursement.

The issue of plaintiff's entitlement to interest upon the reimbursement funds held by the interpleader defendants pending resolution of PABCO's objections to their release to plaintiff, was properly before the motion court since it was raised by plaintiff in its notice of cross motion as well as by PABCO in its cross motion for summary judgment insofar as such cross motion sought dismissal of plaintiff's second cause of action for tortious interference (*see, Dunham v Hilco Constr. Co.,* 89 NY2d 425, 429).

We have considered PABCO's remaining arguments and find them unavailing. Concur—Sullivan, P. J., Rosenberger, Tom, Andrias and Marlow, JJ.