■ ROBERT BARRETT et al., Respondents, v MICHAEL B. WATKINS et al., Defendants, and WOODSTONE LAKES DEVELOPMENT, LLC, et al., Respondents, and MIRANT NY-GEN, LLC, Now Known as AER NY-GEN, LLC, Appellant. [860 NYS2d 246]—

Peters, J. Appeal from an order of the Supreme Court (Sackett, J.), entered March 16, 2007 in Sullivan County, which, among other things, denied the motion of Mary Ann Burke and Herman Goldfarb to intervene in the underlying action.

Defendant Mirant NY-GEN, LLC (hereinafter NY-GEN) is licensed by the Federal Energy Regulatory Commission (herein-

after FERC) to operate and maintain a hydroelectric facility on the Mongaup River in Sullivan County. As a condition of this license, NY-GEN is required to maintain a recreational area open to the public, including a boat launch and parking lot, on the southeast banks of the Toronto Reservoir in the Town of Bethlehem, Sullivan County, known as the Toronto Dam recreational site. NY-GEN provides access by way of an easement which its predecessors in interest reserved across a road now owned by defendants Woodstone Lakes Development, LLC, Woodstone Toronto Development, LLC, and Woodstone Crestwood Development, LLC (hereinafter collectively referred to as Woodstone). This easement reserves to NY-GEN the right to enter upon and utilize the aforementioned "private road[ ] for any purpose, including without limitation the right to unrestricted travel along said road[ ] with any vehicle, equipment or machinery."

In April 2005, employees or agents of Woodstone allegedly blocked plaintiffs' vehicle while it was parked at the recreational area, preventing plaintiffs from leaving. Plaintiffs commenced this action alleging claims for false imprisonment and malicious prosecution, as well as negligence on the part of NY-GEN in violating its duty to provide public access to the recreational area, as required by its FERC license and permitted by its easement, by allowing Woodstone and/or its employees and agents to deny access. In its answer, NY-GEN asserted cross claims against Woodstone seeking, among other things, a declaratory judgment that NY-GEN was vested with an absolute and unencumbered right to use the subject road for any purpose, including purposes that allow it to comply with the public access requirements of its FERC licence.

Thereafter, by order to show cause, Mary Ann Burke and Herman Goldfarb moved to intervene as plaintiffs in the action and sought a preliminary injunction requiring NY-GEN and Woodstone to allow them and those similarly situated to use the road to access the recreational area. Woodstone cross-moved to, among other things, deny the motion to intervene or, in the case that Supreme Court granted the motion, to dismiss the proposed intervenors' complaint. Following oral argument on the motion and cross motion, Supreme Court denied the motion to intervene. Supreme Court specifically found that, while NY-GEN "has the right to use the easement for 'any purpose[,]' . . . there is no indication nor can it be readily inferred that the easement was reserved for the public use." Consequently, the court concluded, NY-GEN "can either negotiate with defendants Woodstone for the purchase of the subject property o[r] exercise

its right of eminent domain over the property in question." NY-GEN now appeals, primarily arguing that Supreme Court improperly ruled upon the merits of its cross claim by interpreting the nature and extent of its easement, as this issue was not before the court on the motion to intervene or Woodstone's cross motion. We agree.

Initially, the parties do not dispute that Supreme Court rendered a binding determination on the merits of NY-GEN's cross claim which adversely affects NY-GEN's rights, notwithstanding the fact that the court did not expressly grant summary judgment on that claim. Indeed, when NY-GEN sought clarification from Supreme Court as to whether the aforementioned language in its decision constituted a determination on the merits of the underlying dispute, the court responded that such language, as it relates to NY-GEN and the nature of the easement, "represents this [c]ourt's conclusions of law and/or findings of fact on those issues." We agree that the court's decision on the motion to intervene summarily resolved the issue of whether the public has the right to use the subject easement to access NY-GEN's recreational facilities (*see Morris v Patane*, 39 AD3d 1054, 1055 [2007]; *compare Morris v Port Auth. of N.Y. & N.J.*, 290 AD2d 22, 25-26 [2002]).

In the absence of a CPLR 3212 motion for summary relief, however, neither a trial court nor an appellate court can, sua sponte, grant such relief (*see Conroy v Swartout*, 135 AD2d 945, 947 [1987]; *De Pan v First Natl. Bank of Glens Falls*, 98 AD2d 885, 886 [1983]). Here, it is undisputed that no party moved for summary judgment. The only motions before Supreme Court were the proposed intervenors' motion to intervene and Woodstone's cross motion, the latter of which sought to have the motion denied or, in the event that Supreme Court granted the motion, to dismiss the proposed intervenors' complaint pursuant to CPLR 3211.[1] In granting Woodstone's cross motion to deny intervention, Supreme Court had no need to reach the alternative relief sought by either the proposed intervenors or Woodstone. Further, although Supreme Court, in ruling upon the motion to intervene, was required to consider, among other things, whether the proposed intervenors have a real and substantial interest in the outcome of the underlying action (*see Matter of Rent Stabilization Assn. of N.Y. City v New York State*

---

1. Even were we to construe Woodstone's cross motion as seeking relief against NY-GEN, which did not make a motion in the action, "[a] cross motion is an improper vehicle for seeking affirmative relief from a nonmoving party" (*Mango v Long Is. Jewish-Hillside Med. Ctr.*, 123 AD2d 843, 844 [1986]; *see* CPLR 2215).

*Div. of Hous. & Community Renewal*, 252 AD2d 111, 116 [1998]; *Matter of Pier v Board of Assessment Review of Town of Niskayuna*, 209 AD2d 788, 789 [1994]; *see also Osman v Sternberg*, 168 AD2d 490, 490 [1990]), such an examination of the interests of the proposed intervenors did not necessitate a determination on the merits of NY-GEN's ultimate rights as to the easement. Moreover, there is no record evidence that Supreme Court advised the parties that it was considering summary relief as to NY-GEN's rights with respect to the easement (*see White v La France*, 203 AD2d 765, 767 [1994], *lv dismissed* 84 NY2d 977 [1994]; *Ressis v Mactye*, 98 AD2d 836, 837 [1983]), and it is apparent that other proof would have been offered by NY-GEN to defeat a summary judgment motion if Woodstone had so moved (*see De Pan v First Natl. Bank of Glens Falls*, 98 AD2d at 886; *Ressis v Mactye*, 98 AD2d at 837).

Nor can we conclude, as Woodstone contends, that NY-GEN affirmatively sought such a determination on the merits through its conduct and written submissions to Supreme Court. While it is true that parties to a civil dispute are, within the bounds of public policy, "free to chart their own litigation course" (*Mitchell v New York Hosp.*, 61 NY2d 208, 214 [1984]; *see Matter of Mallinckrodt Med. v Assessor of Town of Argyle*, 292 AD2d 721, 722 [2002]), there is no indication that NY-GEN, through its conduct or otherwise, intended that Supreme Court resolve the issue as to the nature and extent of the easement. Woodstone's cross motion did not seek any relief as against NY-GEN and, significantly, NY-GEN expressly informed the court that it took no position as to the motion to intervene.[2] For these reasons, it was improper for Supreme Court to, in effect, sua sponte grant summary relief in favor of Woodstone on NY-GEN's cross claim.

Mercure, J.P., Carpinello, Rose and Kavanagh, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as made certain conclusions of law and/or findings of fact as to the nature of the easement and the parties' rights therein, and, as so modified, affirmed.

---

2. While NY-GEN thereafter submitted a memorandum of law, it again reiterated that it took no position on the motion, but that in light of Woodstone's arguments in opposition to the motion to intervene—that neither NY-GEN nor the public has the right to use the easement to access the public recreational facilities—it was submitting the memorandum "so that the [c]ourt may better understand the respective position of the parties, and so that Woodstone's cross-motion does not have the perhaps intended consequence of adversely affecting NY-GEN's rights in this case."