■ BEATRICE LILA BERLE, Individually and as a Member of BERLE FARM, LLC, Respondent, v ABDON J. BUCKLEY, Appellant, et al., Defendant. (And a Related Proceeding.) [869 NYS2d 679]—

Stein, J.

Plaintiff and defendant Abdon J. Buckley (hereinafter defendant) were involved in a long-standing personal and business relationship and are the joint owners of defendant Berle Farm, LLC. After some discord, plaintiff sought to sever the relationship, including the business relationship. To that end, plaintiff's counsel communicated with defendant by telephone, and then in writing, regarding the terms of a proposed buy-sell agreement for the sale of defendant's one-third interest in Berle Farm to plaintiff. In his correspondence to defendant, plaintiff's counsel requested that defendant signify his consent to the proposed buy-out terms contained therein by signing the letter and returning it by 5:00 P.M. the following day in order to avoid the commencement of legal proceedings for judicial dissolution of Berle Farm. Although defendant did not sign and return that letter, he did respond in writing the following day. In his written response, defendant indicated his agreement to the buy-out terms initially proposed by plaintiff, with a few modifications, and signed this document before a notary public. Plaintiff's

attorney acknowledged, in writing, his receipt of defendant's response and advised defendant that he would be forwarding a formal agreement to him and, in fact, subsequently did so. After obtaining counsel and reviewing the proposed agreement, defendant refused to sign it without additional changes.

Plaintiff then commenced this action requesting specific performance of the buy-sell agreement and, alternatively, by separate proceeding, sought dissolution of Berle Farm pursuant to Limited Liability Company Law § 702. The action and proceeding were commenced by the filing, and subsequent service, of an order to show cause, summons and combined verified petition and complaint. In response, defendant served a combined verified answer to the complaint and a cross petition for judicial dissolution. That pleading contained, among other things, various affirmative defenses to plaintiff's cause of action for specific performance. Simultaneously with service of the answer and cross petition, a notice of motion and supporting papers requesting appointment of a temporary receiver and disqualification of plaintiff's counsel were also served. After additional submissions by the parties, Supreme Court held that, because the essential terms of the buy-sell agreement were agreed upon, the agreement was binding and enforceable. Accordingly, Supreme Court summarily granted plaintiff specific performance and denied all other relief as academic, prompting this appeal by defendant.

Because we agree with defendant's contention that Supreme Court prematurely directed specific performance of the buy-sell agreement, we reverse that aspect of the court's order and judgment. A court cannot, sua sponte, grant summary judgment in the absence of any CPLR 3212 motion for such relief (*see Barrett v Watkins*, 52 AD3d 1000, 1002 [2008]; *De Pan v First Natl. Bank of Glens Falls*, 98 AD2d 885, 886 [1983]). Moreover, although a court may grant undemanded relief under certain circumstances, notice must first be given to the parties that the court is considering doing so and the parties must be afforded an opportunity to submit additional proof (*see Barrett v Watkins*, 52 AD3d at 1003; *Ressis v Mactye*, 98 AD2d 836, 837 [1983]).

Here, neither party moved for summary judgment and Supreme Court did not advise the parties of its intention to grant summary relief. We are unpersuaded by plaintiff's argument that defendant was on notice that summary relief was sought by the order to show cause commencing the action and proceeding and that he consented to a determination thereon. Inasmuch as issue was not yet joined on the date the order to show cause was signed, a motion for summary judgment was

impermissible (*see* CPLR 3212 [a]) and the record evidence does not support plaintiff's contention that defendant knowingly agreed to chart a different procedural course. Rather, the record supports an inference that defendant viewed the order to show cause simply as an alternative to a notice of petition, commencing the special proceeding (*see* CPLR 403 [d]). In fact, although the order to show cause contained a request for specific performance, not one reference was made to that request in either defendant's motion papers or in plaintiff's papers in opposition to that motion. Similarly, while both parties briefly addressed the sequence of events surrounding the purported agreement in their affidavits in connection with defendant's motion, they clearly did so in the context of the proceeding for dissolution and, in particular, with regard to defendant's requests for the appointment of a receiver and disqualification of plaintiff's counsel.\* The conclusion that defendant did not knowingly consent to a summary determination of plaintiff's request for specific performance is further supported by the absence of any request for denial of such relief in defendant's motion papers and his failure to address his affirmative defenses of duress, coercion, overreaching and failure of consideration in any detail whatsoever.

Under these circumstances, Supreme Court erred in summarily determining that plaintiff was entitled to specific performance of the purported buy-sell agreement. Moreover, while Supreme Court had the power to make a summary determination in the special proceeding for dissolution if "no triable issues [were] raised and papers before the court [were] adequate" (Siegel, NY Prac § 556, at 954 [4th ed]), no relief was granted pursuant to Limited Liability Company Law § 702. Therefore, we need not address the question of whether defendant raised a triable issue of fact in that regard.

Inasmuch as defendant's arguments regarding the enforceability of the restrictive covenant contained in the purported agreement were not raised before Supreme Court, they are not properly before us (*see generally Blackmon v Meo*, 284 AD2d 711, 712 [2001], *lv denied* 97 NY2d 602 [2001]; *Roel Partnership v Amwest Sur. Ins. Co.*, 258 AD2d 780, 781 [1999]). We have considered the parties' remaining contentions and find them to be unavailing.

Cardona, P.J., Peters, Carpinello and Kavanagh, JJ., concur. Ordered that the order and judgment is modified, on the law, without costs, by reversing so much thereof as awarded plaintiff

---

\* Likewise, defendant addressed the enforceability of the purported contract in greater detail in his cross petition for dissolution.

specific performance of the buy-sell agreement; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed. [*See* 18 Misc 3d 1124(A), 2008 NY Slip Op 50194(U).]