■ PAUL BARNES, Appellant, v JEWISH ASSOCIATION FOUNDATION, Respondent. [980 NYS2d 763]—

Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered September 25, 2009, which denied plaintiff's motion for summary judgment and dismissed the complaint, unanimously affirmed, without costs.

In this action for negligence commenced by plaintiff pro se against defendant, his former court appointed legal guardian, plaintiff failed to demonstrate that defendant was a proximate cause of his purported injuries by allegedly causing him to be evicted from his apartment and having him admitted to the hospital against his wishes. Plaintiff does not dispute defendant's contention that there was a pending eviction proceeding against him for rent arrears when defendant was appointed his guardian, and the record is devoid of any evidence establishing how defendant caused him to be evicted. Moreover, the record contains nothing to support plaintiff's contention that defendant caused him to lose his possessions by improperly allowing the landlord access to his apartment, nor does it establish that defendant caused plaintiff to be admitted to the hospital or that he suffered any injuries while he was there. Since plaintiff failed to meet the initial burden of establishing his entitlement to judgment as a matter of law, the motion for summary judgment was properly denied (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Contrary to defendant's contention, the record is insufficient to determine whether this negligence action is barred by the three-year statute of limitations, or whether the complaint is barred by the order dated August 14, 2006, releasing defendant

from all future liability related to its responsibilities as plaintiff's guardian. However, since the complaint failed to properly plead a cause of action for negligence, the motion court properly granted summary judgment dismissing the complaint to defendant upon a search of the record (*see Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429 [1996]). Concur—Tom, J.P., Friedman, Saxe, Richter and Clark, JJ.