Czajka v Pendell (2019 NY Slip Op 05349)





Czajka v Pendell


2019 NY Slip Op 05349


Decided on July 3, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 3, 2019

525684

[*1]PAUL CZAJKA, as District Attorney of Columbia County, Respondent,
v
ZHANNA PENDELL, Appellant, et al., Defendant.

Calendar Date: May 28, 2019

Before: Egan Jr., J.P., Lynch, Clark, Devine and Pritzker, JJ.


Zhanna Pendell, Chestertown, appellant pro se.
Paul Czajka, District Attorney, Hudson (Trevor O. Flike of counsel), for respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeal from an amended order of the Supreme Court (Zwack, J.), entered January 10, 2017 in Columbia County, which, among other things, granted plaintiff summary judgment.
Defendant Perry Pendell (hereinafter Pendell), the former husband of defendant Zhanna Pendell (hereinafter defendant), was convicted in 2014 of numerous crimes relating to his sexual activity with an underage victim and his later effort to have the victim murdered (People v Pendell, 164 AD3d 1063 [2018], affd 33 NY3d 972 [2019]). Pendell used two of his vehicles to facilitate the sex crimes, and defendant subsequently acquired title to them. In 2016, plaintiff commenced this action against Pendell and defendant for forfeiture of the vehicles pursuant to CPLR article 13-A. Supreme Court issued an order, entered in December 2016, in which it determined that the papers submitted by Pendell in opposition to the complaint lacked merit, that defendant had defaulted and that plaintiff was entitled to recover the vehicles. After becoming aware that defendant had indeed answered, Supreme Court issued an amended order, entered in January 2017, that dismissed defendant's answer and then awarded summary judgment to plaintiff. Defendant appeals from the amended order.[FN1]
"A court cannot, sua sponte, grant summary judgment in the absence of any CPLR 3212 motion for such relief" (Berle v Buckley, 57 AD3d 1276, 1277 [2008] [citations omitted]; see Wells Fargo Bank Minn., N.A. v Garrasi, 80 AD3d 1061, 1063 [2011]; Barrett v Watkins, 52 AD3d 1000, 1002 [2008]). Supreme Court did not have a motion for summary judgment before it, nor did it treat Pendell's opposition papers as a motion to dismiss that could have been [*2]converted into one (see CPLR 3211 [c]). Moreover, although Supreme Court may grant unrequested relief in the absence of "substantial prejudice" to the parties, prejudice is apparent here, as defendant was not made aware "that summary judgment [was] being considered as a remedy" or afforded an opportunity to "develop evidence and offer proof in support of or opposition to the motion" (Wells Fargo Bank Minn., N.A. v Garrasi, 80 AD3d at 1063; see Ressis v Mactye, 98 AD2d 836, 837 [1983]). Thus, Supreme Court erred in granting summary judgment to plaintiff and in dismissing defendant's answer (see Barrett v Watkins, 52 AD3d at 1002-1003; De Pan v First Natl. Bank of Glens Falls, 98 AD2d 885, 886 [1983]; Ressis v Mactye, 98 AD2d at 837; see also Dunham v Hilco Constr. Co., 89 NY2d 425, 429-430 [1996]). Finally, although Supreme Court erred in summarily disposing of this matter, the record reveals no impropriety or bias on its part that would warrant remittal to a different judge (see Gonzalez v L'Oreal USA, Inc., 92 AD3d 1158, 1159-1160 [2012], lv dismissed 19 NY3d 874 [2012]; cf. Bank of N.Y. v Castillo, 120 AD3d 598, 601 [2014]).
Egan Jr., J.P., Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the amended order is reversed, on the law, with costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: Pendell separately appealed from Supreme Court's December 2016 order and a May 2017 order but, after he failed to perfect his appeal in a timely manner, we severed his appeal from that of defendant (2019 NY Slip Op 65362 [U] [2019]).