Collyer v LaVigne (2022 NY Slip Op 01083)





Collyer v LaVigne


2022 NY Slip Op 01083


Decided on February 17, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 17, 2022

532868
[*1]Barbara U. Collyer et al., Respondents-Appellants,
v
Danielle M. LaVigne, Respondent, et al., Defendants, and New York Central Mutual Fire Insurance Company, Appellant-Respondent.

Calendar Date:January 4, 2022

Before:Egan Jr., J.P., Lynch, Clark and Pritzker, JJ.

Rupp Baase Pfalzgraf Cunningham LLC, Buffalo (Marco Cercone of counsel), for appellant-respondent.
True & Walsh, LLP, Ithaca (Peter J. Walsh of counsel), for respondents-appellants.
Lama Law Firm, LLP, Ithaca (Ciano J. Lama of counsel), for respondent.



Pritzker, J.
Cross appeals from an order of the Supreme Court (McBride, J.), entered February 1, 2021 in Tompkins County, which (1) denied plaintiffs' motion to, among other things, strike the pleadings of defendant New York Central Mutual Fire Insurance Company, (2) granted defendant Danielle M. LaVigne's cross motion for partial summary judgment on her cross claims and awarded counsel fees, and (3) denied the cross motion by defendant New York Central Mutual Fire Insurance Company for dismissal of the complaint against it.
This appeal involves claims arising from a fire loss of real property located at 25 Sperry Lane in the Town of Lansing, Tompkins County (hereinafter the property), which is owned by defendant Danielle M. LaVigne. LaVigne's father was convicted in the United States District Court for the Northern District of New York for, among other things, defrauding plaintiffs of approximately $5 million. In connection with that illegal conduct, plaintiffs obtained a nearly $6 million judgment against LaVigne's father. While enforcing said judgment, plaintiffs learned that some of the money of which they were defrauded may have been used for the construction of a house on the property and, accordingly, they brought suit against LaVigne for unjust enrichment. During the pendency of the action, however, the property was destroyed by fire.[FN1] At the time of the fire, the property was insured by defendant New York Central Mutual Fire Insurance Company (hereinafter the insurance company) and was encumbered by a mortgage held by defendant CFCU Community Credit Union (hereinafter the credit union). The insurance policy provided coverage for loss of the property as well as for debris removal, reasonable repairs and mortgage payments in the event of fire. LaVigne promptly filed a claim for the loss with the insurance company and it was later determined that the estimated replacement cost of the property was $530,333.02. In December 2018, under plaintiffs' unjust enrichment action, Supreme Court (Reynolds Fitzgerald, J.) imposed a temporary constructive trust "on all amounts [LaVigne] receives from any insurance proceeds paid to her from any insurance coverage of [the property]."
In March 2020, before any determination on LaVigne's policy claim had been made, plaintiffs commenced the instant action seeking, as relevant here, to impose a constructive trust on LaVigne's insurance policy and to direct the insurance company to pay (1) the credit union for the unpaid balance of the mortgage, (2) defendant Town of Lansing for the clean-up costs and (3) plaintiffs "the amount by which . . . LaVigne is found to have been unjustly enriched at the expense of [p]laintiffs."[FN2] The insurance company answered with numerous affirmative defenses, including lack of standing and privity of contract. The Town, the credit union and LaVigne also answered, the latter two of which asserted several cross claims charging the insurance company with breach of contract and bad faith[*2]. During this time, the insurance company partially denied LaVigne's claim for loss and offered instead to pay her reduced amounts for structural loss and as a settlement for her personal property loss.
In October 2020, plaintiffs moved (1) to strike the insurance company's pleading, (2) for a default judgment against the insurance company with respect to plaintiffs, LaVigne, the credit union and the Town and (3) to set an inquest for damages. Plaintiffs alleged that the insurance company had deliberately refused to comply with discovery demands, subpoenas, payment demands and court orders, necessitating in response the drastic remedy of striking its pleading. Plaintiffs further claimed that the insurance company, in essence, had refused to pay LaVigne's valid insurance claim because the property had been purchased with illegally obtained funds by her father, even though such conduct did not void the policy. Subsequently, LaVigne cross-moved for partial summary judgment on her cross claims, seeking to direct the insurance company to immediately pay the credit union for the unpaid balance on the mortgage, the Town for the clean-up costs and LaVigne for her loss of personal property and counsel fees.[FN3] The insurance company then cross-moved for dismissal of the complaint based upon, among other things, failure to state a cause of action. Thereafter, the parties stipulated to discontinuing the cross claims between the credit union and the insurance company as well as between the credit union and Lavigne.
Supreme Court (McBride, J.) first denied plaintiffs' motion to strike the insurance company's pleadings, finding that the insurance company's conduct was not "willful or contumacious." The court then granted LaVigne's cross motion for partial summary judgment, ordering the insurance company to pay into escrow LaVigne's outstanding claims and counsel fees as well as the Town's clean-up costs. Here, the court sua sponte granted LaVigne's summary judgment cross motion relative to the structural loss of the property, despite such relief having not been requested.[FN4]
The court reasoned that the insurance company had admitted to their obligation to pay LaVigne and found no reason why it had failed to satisfy its obligations. The court then denied the insurance company's cross motion for dismissal of the complaint, holding that plaintiffs, as third-party beneficiaries, had sufficiently made out a claim against the insurance company under the theory of unjust enrichment and also properly pleaded a constructive trust. The insurance company appeals and plaintiffs cross-appeal.
We turn first to plaintiffs' cross appeal in which they contend that Supreme Court improvidently exercised its discretion in denying their motion to strike the insurance company's pleadings given its egregious conduct during discovery. "The drastic remedy of striking a pleading is appropriate only where the moving party conclusively demonstrates bad faith or willful, contumacious [*3]conduct by the party who fails to comply with disclosure or spoliates evidence" (Dyer v City of Albany, 121 AD3d 1238, 1238 [2014] [internal quotation marks, brackets and citations omitted]; see CPLR 3126; Mesiti v Weiss, 178 AD3d 1332, 1334 [2019]). Although, here, the insurance company's actions were dilatory and frustrated the discovery process, the insurance company did cite having "difficulties" in complying with document production. Notably, the multiple discovery demands were made shortly after COVID-19 lockdowns went into effect in the state. Moreover, the insurance company never stated that it would not produce the documents or that it would not comply with the discovery demands. As such, the record does not clearly support an inference that the insurance company's conduct was willful and contumacious (see Henry v Datson, 140 AD3d 1120, 1122 [2016]; compare Brandi v Chan, 151 AD2d 853, 854 [1989], appeal dismissed 75 NY2d 789 [1990]), and thus Supreme Court did not err in denying plaintiffs' motion to strike the insurance company's answer and grant a default judgment.
We turn now to the insurance company's arguments relative to the granting of LaVigne's cross motion for partial summary judgment. Initially, the insurance company contends that Supreme Court erred in sua sponte granting LaVigne summary judgment on her structure loss claim as no party had moved on or briefed relative to this claim. We agree. "Although a court may not generally grant summary judgment sua sponte in the absence of a motion pursuant to CPLR 3212, in certain circumstances, a court may grant such relief, even if it is not demanded, so long as there is no substantial prejudice to the adverse party. In such cases, [this Court] require[s] that the court give notice to the parties that summary judgment is being considered as a remedy, so that they may develop evidence and offer proof in support of or in opposition to the motion" (Wells Fargo Bank Minn., N.A. v Garrasi, 80 AD3d 1061, 1063 [2011] [citations omitted]; see Ressis v Mactye, 98 AD2d 836, 837 [1983]). Here, although the court did ask questions regarding the structure loss claim at oral argument, we do not find that to be sufficient notice that summary judgment was being considered and, as such, the insurance company was substantially prejudiced (see Ressis v Mactye, 98 AD2d at 837; compare Wells Fargo Bank Minn., N.A. v Garrasi, 80 AD3d at 1063). Notably, it is clear from the record that the parties were not "deliberately charting a course for summary judgment" (Rainbow Hill Homeowners Assn., Inc. v Gigante, Inc., 32 AD3d 533, 533 [2006]), and in fact were quite surprised by the Supreme Court's questions regarding summary judgment on this claim. Moreover, it appears from the record that the insurance company did not depose LaVigne. Thus, we reverse Supreme Court's order to the extent it granted this relief.
We turn now to the merits of LaVigne's actual cross motion for partial summary judgment [*4]as to her personal property losses.[FN5] As relevant here, "[t]o recover for a breach of contract, a party must establish the existence of a contract, the party's own performance under the contract, the other party's breach of its contractual obligations, and damages resulting from the breach" (LaPenna Contr., Ltd. v Mullen, 187 AD3d 1451, 1453 [2020] [internal quotation marks and citation omitted]; see WFE Ventures, Inc. v Mills, 139 AD3d 1157, 1160 [2016]). Here, the policy contract at issue provides that, in case of a property loss claim, the insurance company does not have a "duty to provide coverage under [the] policy" if LaVigne failed to, as pertinent here, "[p]repare an inventory of damaged personal property [and] . . . [a]ttach all bills, receipts and related documents that justify the figures in the inventory."
In support of her cross motion, LaVigne proffered, among other things, a copy of the insurance policy, the insurance company's claim notes, various letters between the parties and a sworn statement of proof of loss. This documentation established that LaVigne substantiated her claimed personal property loss pursuant to the policy contract. Although the record lacks the actual supporting documentation, it does contain evidence that LaVigne submitted the documentation supporting her property claims to the insurance company, which then used it to make its final determination as to her claim. Therefore, LaVigne prima facie established her compliance with the policy contract by providing all requested documentation substantiating her claims (see Westchester Med. Ctr. v Liberty Mut. Ins. Co., 40 AD3d 981, 982 [2007]).
The burden then shifted to the insurance company to raise a triable issue of fact (see Aretakis v Cole's Collision, 165 AD3d 1458, 1459 [2018]), which it failed to do. Although the insurance company cites to a purported failure of LaVigne to provide documentation for her claim, its own submissions vitiate this argument. Indeed, the insurance company proffered letters from both January 2019 and February 2019 wherein it noted LaVigne's submission of "voluminous" documents responsive to the requests made in the November 14, 2018 letter. Although the February 2019 letter claimed some deficiencies and sought more documentation, with the exception of one request, none of these categories was seeking further information substantiating the personal property claims. Therefore, Supreme Court properly found that the insurance company failed to present a question of fact as to why the claim was outstanding or should not be paid to LaVigne and did not err by granting LaVigne partial summary judgment as to the personal property loss claim (see generally Banco Popular N. Am. v Victory Taxi Mgt., 1 NY3d 381, 383 [2004]).
The insurance company also contends that Supreme Court improperly granted LaVigne's application for counsel fees because the court failed to explain the purported frivolity of the insurance company's conduct or [*5]the amount awarded. Pursuant to 22 NYCRR 130-1.1 (a), "a party or attorney who engages in frivolous conduct is subject to costs in the form of reimbursement for actual expenses reasonably incurred and reasonable counsel fees" (Bank of N.Y. Mellon v Moon, 167 AD3d 1212, 1213 [2018] [internal quotation marks, brackets and citation omitted]; see Pilatich v Town of New Baltimore, 188 AD3d 1386, 1387 [2020]). Here, the court reasonably determined that, despite being aware of its duty to pay under the policy contract, the insurance company had continued to reiterate "the unjustifiable response that the claim just was not paid." This written explanation sufficiently set forth what conduct the court found to be frivolous, which is amply supported by the record (see Matter of Aaron v Steele Law Firm, P.C., 127 AD3d 1385, 1390 [2015]; compare Matter of Schermerhorn v Quinette, 28 AD3d 822, 823 [2006]). Accordingly, we do not discern any procedural infirmity with the award.[FN6]
Finally, we agree with the insurance company that Supreme Court erred in denying its cross motion for dismissal of plaintiffs' complaint as plaintiffs failed to state a cause of action against the insurance company. "In considering a motion . . . based upon failure to state a cause of action, the complaint is liberally construed, the facts as alleged are accepted as true and the plaintiff is accorded the benefit of every favorable inference. [This Court] determine[s] only whether the facts as alleged fit within any cognizable legal theory to ascertain whether the plaintiff has a cause of action" (Murray Bresky Consultants, Ltd v New York Compensation Manager's Inc., 106 AD3d 1255, 1258 [2013] [internal quotation marks and citations omitted]; see CPLR 3211 [a] [7]). "Liability for breach of contract does not lie absent proof of a contractual relationship or privity between the parties. One cannot be held liable under a contract to which he or she is not a party" (Arroyo v Central Islip UFSD, 173 AD3d 814, 816 [2019] [internal quotation marks and citations omitted]).
Here, the breach of contract claims are based on the insurance policy between the insurance company and LaVigne, to which plaintiffs are not parties. Thus, plaintiffs lack privity and may not assert contractual claims directly against the insurance company based on this insurance policy (see id.; see generally Leblanc v Security Servs. Unit Empls. of N.Y. State Law Enforcement Officers Union, Council 82, AFSCME, AFL-CIO, 278 AD2d 732, 733 [2000]). Although Supreme Court was "persuaded" that plaintiffs could make out a claim as third-party beneficiaries (see e.g. Town of W. Seneca v Kideney Architects, P.C., 187 AD3d 1509, 1511 [2020]), plaintiffs did not allege this in their complaint.[FN7]
To the extent that plaintiffs, in their complaint, are asserting a cause of action against the insurance company seeking a constructive trust against the insurance policy, even when liberally construing the complaint and affording [*6]plaintiffs every favorable inference, as we must (see Murray Bresky Consultants, Ltd v New York Compensation Manager's Inc., 106 AD3d at 1258), plaintiffs failed to assert the necessary elements of a constructive trust cause of action (see e.g. Marini v Lombardo, 79 AD3d 932, 933 [2010], lv denied 17 NY3d 705 [2011]).[FN8]
Accordingly, Supreme Court erred in failing to grant the insurance company's motion for dismissal of the complaint as to the claims asserted against the insurance company. In light of this determination, the insurance company's remaining arguments have been rendered academic.
Egan Jr., J.P., Lynch and Clark, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as (1) granted the cross motion by defendant Danielle M. LaVigne for partial summary judgment as to her structure loss cross claim and (2) denied the cross motion by defendant New York Central Mutual Fire Insurance Company for dismissal of the complaint; LaVigne's cross motion denied to said extent, New York Central Mutual Insurance Company's cross motion granted and complaint dismissed against said defendant; and, as so modified, affirmed.



Footnotes

Footnote 1: No cause was determined for the fire. Moreover, the fire damage was cleaned up by defendant Town of Lansing, which held a $31,200 lien for those costs.

Footnote 2: Supreme Court (McBride, J.) consolidated the current action with plaintiffs' pending action against LaVigne alone.

Footnote 3: Notably, LaVigne intentionally did not move for partial summary judgment as to her structural loss claim.

Footnote 4:An actual figure relative to the structural loss claim was not set forth by Supreme Court.

Footnote 5: The insurance company does not make any arguments relative to that portion of Supreme Court's order that directed it to pay the credit union for the unpaid balance on the mortgage and the Town for the clean-up costs.

Footnote 6: Notably, the insurance company does not challenge the substance of Supreme Court's determination — that is, whether the conduct at issue was indeed frivolous. Rather, the insurance company incorrectly argues that Supreme Court's conclusion that it did not act in bad faith nullifies a finding that it acted frivolously (see 22 NYCRR 130-1.1 [c]; compare CPLR 8303-a [c] [i], [ii]).

Footnote 7: Even if we were to broadly construe the complaint, at most plaintiffs could be considered unintended third-party beneficiaries who cannot assert claims directly against the insurance company (see Stainless, Inc. v Employers Fire Ins. Co., 69 AD2d 27, 33 [1979], affd 49 NY2d 924 [1980]).

Footnote 8:This does not, however, effect the constructive trust imposed by Supreme Court (Reynolds Fitzgerald, J.) against any proceeds from the insurance policy received by LaVigne.