■ PRISCILLA ROSENBLUM, Plaintiff, v COLUMBIA UNIVERSITY SCHOOL OF DENTAL AND ORAL SURGERY, Defendant and Third-Party Plaintiff-Appellant. MAX ELLIOT, Third-Party Defendant-Respondent, et al., Third-Party Defendants.—Order of the Supreme Court, New York County (Eugene R. Wolin, J.), entered September 20, 1985, which severed and dismissed the third-party complaint as against third-party defendant Dr. Max Elliot, is reversed, on the law, without costs, and the motion by third-party defendant Elliot for summary judgment dismissing the complaint is denied, without prejudice to its renewal on an alternate ground.

Plaintiff commenced this action in 1981 against defendant Columbia University, alleging malpractice in dental treatments she received between 1975 and 1979. Prior to that time, she had received dental treatment from third-party defendant Max Elliot until 1972. Columbia brought a third-party action in 1983 against Elliot for indemnity and contribution. The Supreme Court granted Elliot's motion for summary judgment, holding that the action was barred by the Statute of Limitations. This was error, as conceded by third-party defendant. Claims for indemnification and/or contribution do not accrue for purposes of the Statute of Limitations until the party seeking indemnification or contribution has made payment to the injured party. *(Woolworth Co. v Southbridge Towers,* 101 AD2d 434.) Third-party defendant asserts that Columbia, as a successive tort-feasor, cannot claim contribution or indemnification from him as the original tort-feasor, where the plaintiff asserts a claim for injuries allegedly caused only by the successive tort-feasor. However, we note that this issue was never argued in the Supreme Court. Additionally, the record herein does not definitively establish that the injuries claimed to have been sustained at the hands of Columbia are clearly divisible from those claimed to stem from Elliot. *(See, Wiseman v 374 Realty Corp.,* 54 AD2d 119, 122.)* Our determination herein is made without prejudice to a motion by third-party defendant for summary judgment upon this alternate ground. Concur—Sandler, J. P., Sullivan, Carro and Asch, JJ.