■ Mary C. Innvar, Individually and as Executrix of Arne Innvar, Deceased, Plaintiff, v Liviu Schapira, M.D., P. C., et al., Appellants, and Gary Piccione, Respondent.—In an action to recover damages for medical malpractice and wrongful death, the defendants Schapira, Moskowitz, and Liviu Scha-

pira, M.D., P. C., appeal from so much of a judgment of the Supreme Court, Queens County (Bambrick, J.), entered November 7, 1988, as, upon granting that branch of the defendant Piccione's motion which was for summary judgment dismissing their cross claim against him for apportionment of fault or indemnification, dismissed that cross claim.

Ordered that the judgment is reversed insofar as appealed from, with costs, and that branch of the motion of the defendant Piccione which was to dismiss the cross claim is denied.

The plaintiff's decedent, who died in October 1982, was treated by the defendant Piccione in February and July of 1982, and was apparently given instructions upon his last visit to return if he did not improve. Rather than do so, the decedent consulted the defendants Schapira and Moskowitz, and their professional corporation (hereinafter the appellants). He was seen and treated by the appellants on four occasions in August 1982.

The plaintiff seeks to recover for her decedent's pain and suffering and for his wrongful death. The complaint alleges that all of the defendants negligently failed to diagnose the decedent's heart condition, and attributes the same injuries to each of them. The appellants interposed a cross claim for "apportionment" or "indemnification" against the defendant Piccione, who successfully moved for summary judgment, *inter alia,* dismissing that cross claim.

Although other grounds were originally advanced in support of the defendant Piccione's summary judgment motion, dismissal of the cross claim was based solely on the general legal rule that a successive tort-feasor may not seek contribution from a prior tort-feasor *(see, Derby v Prewitt,* 12 NY2d 100, 103; *see also, Ravo v Rogatnick,* 70 NY2d 305, 310). There are, however, exceptions to that rule *(see, Ravo v Rogatnick, supra; Wiseman v 374 Realty Corp.,* 54 AD2d 119; *cf., Zillman v Meadowbrook Hosp. Co.,* 45 AD2d 267), and where a plaintiff seeks to recover damages from all of the defendants for the same injury, and where "because of their nature [the injuries] are incapable of any reasonable or practicable division" *(Ravo v Rogatnick, supra,* at 310), a cross claim for contribution is permissible even when interposed by a party whose alleged negligence was subsequent to that of the party from whom contribution is sought.

The record here does not establish that the pain and suffering for which the plaintiff seeks to recover is or can be divisible as between the defendants *(cf., Rosenblum v Colum-*

*bia Univ. School of Dental & Oral Surgery,* 123 AD2d 587) and the wrongful death is "an obviously single indivisible injury" *(Wiseman v 374 Realty Corp., supra,* at 122). It was therefore error to grant summary judgment dismissing the cross claim. Lawrence, J. P., Kooper, Sullivan and Harwood, JJ., concur.