■ CATHERINE STATHIS, Plaintiff, v JAMAICA HOSPITAL et al., Defendants and Third-Party Plaintiffs-Respondents. TRANS WORLD AIRLINES, INC., Third-Party Defendant-Appellant.—In an action to recover damages for personal injuries and wrongful death arising from medical malpractice, the third-party defendant appeals from an order of the Supreme Court, Queens County (Di Tucci, J.), dated October 26, 1990, which denied its motion for summary judgment dismissing the third-party complaints against it.

Ordered that the order is affirmed, with costs payable to the defendant third-party plaintiff Jamaica Hospital.

On June 30, 1986, the decedent Steven Stathis, an aircraft maintenance worker employed by the third-party defendant Trans World Airlines, Inc. (hereinafter TWA), fell approximately 20 to 25 feet during the course of his employment. As a result, he suffered a fracture of the pelvis, a fracture of the humerus, and other injuries. The decedent was treated for these injuries at Jamaica Hospital by the defendant physicians. Complications, including infections, ensued, and the decedent died on July 3, 1986. The plaintiff commenced a medical malpractice action against the hospital and the physicians to recover damages for personal injuries and wrongful death. Thereafter, three defendants commenced third-party actions against TWA for contribution. TWA moved for summary judgment, arguing simply that the third-party complaints against it and "all other claims should be dismissed since the hospital and doctors are successive tort feasors and may not maintain a claim for contribution against prior tort feasors". The Supreme Court denied the motion. We affirm.

As this court has explained: "The liability of an independent and successive tortfeasor is generally limited to separate injuries or the aggravation caused by his conduct * * * so that a claim for contribution by a subsequent tortfeasor against a prior tortfeasor is not available * * * However, where the plaintiff's injury is such that it is incapable of a reasonable or practicable division or allocation between the tortfeasors, the

focus shifts to the relative degree of fault of the multiple tortfeasors and contribution becomes appropriate" *(Lewis v Yonkers Gen. Hosp.,* 174 AD2d 611, 612; *see also, Ravo v Rogatnick,* 70 NY2d 305).

Further, it is settled that wrongful death is " 'an obviously single indivisible injury' " for which contribution among tortfeasors is available *(Innvar v Schapira,* 166 AD2d 632, 634; *see also, Ravo v Rogatnick, supra; Wiseman v 374 Realty Corp.,* 54 AD2d 119, 122; *cf., Kalikas v Artale,* 124 AD2d 645).

Here, questions of fact exist as to whether TWA committed negligent acts that were a proximate cause of the decedent's death. The defendants produced the autopsy report, hospital records, and an affidavit from a physician who claimed that the injuries the decedent sustained from the fall were among a number of factors, not easily separable, that contributed to his death. Therefore, the court properly denied TWA's motion for summary judgment dismissing the third-party complaints seeking contribution *(see, Innvar v Schapira, supra).* Lawrence, J. P., Eiber, O'Brien and Copertino, JJ., concur.