■ JOSEPH LANOCE, as Administrator of the Estate of LINDA MOSCA, Deceased, et al., Appellants, v ANDERSON, BANKS, CURRAN & DONOGHUE, Respondent, and DAMASHEK, GODOSKY & GENTILE, SCHNEIDER, KLEINICK, WEITZ, DAMASHEK, GODOSKY AND GENTILE, as Successor to DAMASHEK, GODOSKY & GENTILE, PHILIP M. DAMASHEK, PHILIP M. DAMASHEK, P. C., et al., Appellants. [704 NYS2d 756] —Order unanimously reversed on the law without costs, motion denied and complaint and cross claim reinstated in accordance with the following Memorandum: Supreme Court erred in granting that part of the motion of defendant Anderson, Banks, Curran & Donoghue (Anderson) for summary judgment dismissing the complaint against it in this legal malpractice action on a ground not argued by it. Anderson moved to amend its answer to assert the defense of the Statute of Limitations and for summary judgment based on that defense. The court erred in granting summary judgment to Anderson on the ground that plaintiffs had failed to state a cause of action because, at the time Anderson was dismissed as attorney of record, the Administrator in the underlying action had a viable claim against the State of New York. Because Anderson did not seek summary judgment on that ground, plaintiffs had no notice of it and thus no opportunity for opposition (*see,* CPLR 3212 [b]; *Conroy v Swartout,* 135 AD2d 945; *cf., Lee v City of Rochester,* 254 AD2d 790).

Because the complaint must be reinstated, the cross claim of the remaining defendants (collectively Damashek) against Anderson must also be reinstated. Although the 90 days in which to file a claim or a notice of intention to file a claim against the State of New York had passed when Anderson was dismissed as attorney of record in the underlying wrongful

death matter (*see*, Court of Claims Act § 10 [2]), Damashek had an available remedy (*see*, Court of Claims Act § 10 [6]) but failed to use it. Thus, Anderson and Damashek may be independent and successive tortfeasors who are jointly and severally liable for plaintiffs' alleged loss (*see*, *Ravo v Rogatnick*, 70 NY2d 305; *Schauer v Joyce*, 54 NY2d 1; *see also*, *Stathis v Jamaica Hosp.*, 187 AD2d 499), and Damashek may be entitled to indemnification or contribution from Anderson.

Finally, the court erred in granting that part of Anderson's motion for leave to amend the answer to assert the defense of the Statute of Limitations. That proposed amendment is devoid of merit (*see*, *Romeo v Schmidt*, 244 AD2d 860; *Brown v Samalin & Bock*, 155 AD2d 407). (Appeals from Order of Supreme Court, Oneida County, Tenney, J.—Summary Judgment.) Present—Hayes, J. P., Pigott, Jr., Callahan and Balio, JJ.