■ MARY SADKIN, Appellant-Respondent, v RASKIN & RAPPOPORT, P. C., et al., Respondents, and DIAHN W. MCGRATH, Respondent-Appellant, et al., Defendants. [707 NYS2d 400] —Order, Supreme Court, New York County (Paula Omansky, J.), entered on or about January 21, 1999, which, *inter alia*, granted defendants-respondents' motions for summary judgment dismissing the causes of action for legal malpractice as against them, unanimously modified, on the law, to reinstate the causes of action for legal malpractice as against the Raskin defendants (the first, third and fifth), and otherwise affirmed, without costs.

A motion for summary judgment on one claim or defense does not provide a basis for searching the record and granting summary judgment on an unrelated claim or defense (*Frank v City of New York*, 211 AD2d 478, 479). Here, the Raskin defendants' motion for summary judgment was based entirely on the argument that plaintiff could not have succeeded in the underlying wrongful death action because, under governing Bahamian law, prosecution thereof was precluded by her settlement with one of the underlying codefendants. The motion court, therefore, should not have dismissed the action as against the Raskin defendants on the grounds that plaintiff failed to present any expert evidence that Bahamian law recognizes a wrongful death claim based on products liability, or, if it does, any expert evidence that the product was defective. Accordingly, as against the Raskin defendants, we modify to reinstate plaintiff's malpractice claims, but not her breach of contract claims, which are redundant in the present circumstances (*see, Levine v Lacher & Lovell-Taylor*, 256 AD2d 147, 151). The malpractice claims against defendant McGrath, who was retained after the Raskin defendants' alleged malpractice in letting the Statute of Limitations run against the legally responsible party, were properly dismissed for failure to show what standard of care defendant McGrath violated in failing to rectify the Raskin defendants' alleged malpractice, or to adduce any other evidence of malpractice. Concur—Sullivan, P. J., Wallach, Buckley and Friedman, JJ.