■ CARROLLWOOD CONDOMINIUM BOARD OF MANAGERS, Respondent-Appellant, v FRANCES PULLE, Appellant-Respondent. [737 NYS2d 535] —In an action, inter alia, for a judgment declaring that the defendant's stone patio violates the plaintiff's bylaws and to direct that the patio be removed, the defendant appeals, as limited by her brief, from so much of an

order of the Supreme Court, Westchester County (Nastasi, J.), entered March 7, 2001, as granted that branch of the plaintiff's motion which was for summary judgment on the first cause of action, and the plaintiff cross-appeals from so much of the order as, upon searching the record, granted summary judgment dismissing the third cause of action.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, on the law, and the third cause of action is reinstated; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The plaintiff made a prima facie showing of entitlement to judgment as a matter of law on its first cause of action by providing sufficient evidence to prove that the defendant violated the bylaws when she installed a stone patio in her backyard without first obtaining the plaintiff's written approval (*see generally, Gilbert Frank Corp. v Federal Ins. Co.,* 70 NY2d 966; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851). In opposition, the defendant failed to provide evidence sufficient to raise a triable issue of fact (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Zuckerman v City of New York,* 49 NY2d 557).

The Supreme Court improperly searched the record and dismissed the plaintiff's third cause of action to recover costs and for an attorney's fee, as those issues were not before the court in connection with the summary judgment motion (*Sadkin v Raskin & Rappoport,* 271 AD2d 272, 273; *Conroy v Swartout,* 135 AD2d 945, 947; *cf., Marshall v New York City Health & Hosps. Corp.,* 186 AD2d 542, 543-544). Accordingly, we have not reviewed the merits of the third cause of action. Florio, J.P., Smith, McGinity and Crane, JJ., concur.