SEGUNDO QUIZHPE, Appellant, v LUVIN CONSTRUCTION et al., Respondents, et al., Defendant. [895 NYS2d 490]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Winslow, J.), entered January 2, 2009, which denied his motion for summary judgment on the issue of liability and to dismiss all affirmative defenses and granted the cross motion of the defendants Luvin Construction and Jose I. Sanchez for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, the facts, and as a matter of discretion, by deleting the provision thereof granting the cross motion of the defendants Luvin Construction Corp. and Jose I. Sanchez for summary judgment dismissing the complaint insofar as asserted against them and substituting therefor a provision denying the cross motion with leave to renew; as so modified, the order is affirmed, with costs to the appellant.

On July 21, 2006, the plaintiff allegedly was injured when a minivan in which he was a passenger "roll[ed] two or three times across the roadway." As admitted in the defendants' response to the notice to admit dated February 9, 2007, the defendant Jose I. Sanchez was, at the time of the accident, operating the minivan, which was owned by the defendant Luvin Construction Corp. (hereinafter Luvin). The response to the notice to admit also expressly admitted that Sanchez was operating the vehicle "under [sic] the course of his employment for FML Contracting Inc." (hereinafter FML), and denied that Sanchez was employed by Luvin on the date of the accident.

The plaintiff moved for summary judgment on the issue of liability and to dismiss all affirmative defenses, submitting evidence to the effect that Sanchez had lost control of the van prior to the accident and arguing that, as a matter of law, Sanchez was negligent in his operation of the vehicle. Luvin and Sanchez (hereinafter the defendants) then cross-moved for summary judgment dismissing the complaint insofar as asserted against them. They pointed to evidence that, prior to the accident, the steering and braking mechanisms of the vehicle had become unresponsive, and argued that the record conclusively established that Sanchez was confronted with a "mechanical malfunction," so that, pursuant to the "emergency" doctrine, his operation of the minivan was, as a matter of law, free of negligence.

The Supreme Court denied the plaintiff's motion, and granted the defendants' cross motion on a theory that was not raised by either party. The Supreme Court determined, based on its review of the record, that Luvin was effectively indistinguishable from FML, the company that, as admitted in the response to the notice to admit, employed Sanchez at the time of the accident and that, according to the plaintiff's deposition testimony, employed the plaintiff as well. The Supreme Court concluded that the plaintiff's receipt of Workers' Compensation benefits precluded him from seeking to impose tort liability either on Luvin, the effective equivalent of his actual employer (FML), or on his co-employee Sanchez. This appeal ensued.

The Supreme Court "erred in essentially searching the record and [granting relief] based upon arguments that were not raised" (*Matter of Ek v Travis*, 20 AD3d 667, 668 [2005]). "A motion for summary judgment 'on one claim or defense does not provide a basis for searching the record and granting summary judgment on an unrelated claim or defense" (*Baseball Off. of Commr. v Marsh & McLennan*, 295 AD2d 73, 82 [2002], quoting *Sadkin v Raskin & Rappoport*, 271 AD2d 272, 273 [2000]; *see also Dunham v Hilco Constr. Co.*, 89 NY2d 425, 430 [1996]; *Carrollwood Condominium Bd. of Mgrs. v Pulle*, 291 AD2d 425 [2002]; *World Trade Knitting Mills v Lido Knitting Mills*, 154 AD2d 99, 114 [1990]; *Conroy v Swartout*, 135 AD2d 945 [1987]). Since Sanchez and Luvin did not seek summary judgment based on the Workers' Compensation statutes, the plaintiff had "no opportunity for opposition" (*Lanoce v Anderson, Banks, Curran & Donoghue*, 259 AD2d 965, 965 [1999]). We further note that the plaintiff was deprived any opportunity to argue, for example, that further discovery might be warranted with respect to various issues raised by the record related to the Workers' Compensation defense (*see* CPLR 3212 [f]). Under the circumstances presented here, it is appropriate to deny the cross motion with leave to any of the parties to make a motion for summary judgment, if they be so advised, regarding any issue relating to the Workers' Compensation Law.

We have examined the issues and arguments that were raised in the motion and in the cross motion, and concluded that neither the plaintiff nor the defendants demonstrated prima facie entitlement to judgment as a matter of law. There are, among other things, issues of credibility, the resolution of which will depend upon factual determinations as to whether, and if so to what extent, a mechanical defect in the steering or braking mechanism of the minivan might have contributed to the accident. Related triable issues concern whether Sanchez might have been a position to foresee that the van had a greater tendency to malfunction at certain speeds, whether Sanchez might have been driving at an excessive rate of speed under the circumstances, (including his supposed prior knowledge of problems with the minivan), and whether he might have been otherwise negligent in the operation of the minivan. On this record, we cannot conclude that Sanchez's operation of the vehicle was negligent as a matter of law. Dillon, J.P., Florio, Hall and Sgroi, JJ., concur. **[Prior Case History: 2008 NY Slip Op 33491(U).]**