In the Matter of RAY C. PRITCHETT, Deceased. DONALD R. PRITCHETT, Respondent; ROBERT E. JERGENSEN, Appellant. (And Other Titles.) [9 NYS3d 355]—

In a probate proceeding in which Donald R. Pritchett, the co-executor of the estate of Ray G. Pritchett, petitioned to settle Ray G. Pritchett's account, and a related action, inter alia, to recover damages for conversion, Robert Jergensen, as the administrator of the estate of JoAnn Jergensen, the co-executor of the estate of Ray G. Pritchett, appeals, as limited by his brief, from so much an order of the Surrogate's Court, Nassau County (McCarty III, S.), dated March 29, 2013, as granted that branch of the motion of Donald R. Pritchett which was pursuant to CPLR 3211 (a) to dismiss the amended complaint in the action, and, upon denying the motion of JoAnn Jergensen for summary judgment dismissing the petition based upon her objections, searched the record and awarded summary judgment to Donald R. Pritchett dismissing JoAnn Jergensen's objections.

Ordered that the order is reversed insofar as appealed from, on the law, and that branch of the motion of Donald R. Pritchett which was pursuant to CPLR 3211 (a) to dismiss the amended complaint in the action is denied, with costs payable by Donald R. Pritchett personally.

The decedent, Ray G. Pritchett (hereinafter the father), died on July 17, 2000, survived by his son, Donald R. Pritchett, and his daughter, JoAnn Jergensen. Letters testamentary were issued to Donald and JoAnn on August 16, 2000. In 2006, JoAnn, in her individual capacity, commenced an action in the Supreme Court against Donald, in his individual capacity, to recover damages for, inter alia, conversion. By order dated June 8, 2006, the action was transferred to the Surrogate's Court, Nassau County.

On December 4, 2006, Donald filed a petition for judicial settlement of the father's account. On February 26, 2008, JoAnn filed objections to the account. Shortly thereafter, JoAnn died and her husband, Robert Jergensen, the fiduciary of her estate, was substituted for her in this proceeding and action.

On October 1, 2012, Donald moved, inter alia, to dismiss the amended complaint in the action on the basis that JoAnn

lacked the capacity to sue. Thereafter, Robert, as the fiduciary of JoAnn's estate, moved for summary judgment on objections 1 (a), 1 (i), and 9 to Donald's account. The objections charged Donald with failing to account for all assets that Donald received as a result of the father's death, for $250,000 withdrawn from the father's checking account three days prior to his death, and for the claim of JoAnn's creditors in the amount of $316,464 allegedly owed to her in satisfaction of an inheritance from her mother's estate. The Surrogate's Court granted Donald's motion to dismiss the amended complaint in the action, and denied Robert's motion for summary judgment on the objections in the probate proceeding. Additionally, upon searching the record, the court awarded summary judgment to Donald dismissing the objections on the basis of the defense of the statute of limitations due to JoAnn's failure to timely commence the action.

Contrary to the Surrogate's Court's finding, Donald waived the defense of lack of capacity by failing to raise such defense in a pre-answer motion to dismiss or in his answer to the amended complaint in the action (*see* CPLR 3211 [e]; *see generally JP Morgan Chase Bank, N.A. v Strands Hair Studio, LLC*, 84 AD3d 1173 [2011]; *Complete Mgt., Inc. v Rubenstein*, 74 AD3d 722 [2010]; *Wendover Fin. Servs. v Ridgeway*, 93 AD3d 1156 [2012]). Accordingly, the court should have denied Donald's motion to dismiss the amended complaint in the action.

Moreover, on a motion for summary judgment, the court is limited to the issues or defenses that are the subject of the motion before the court (*see Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429-430 [1996]; *DiDonato v Dyckman*, 121 AD3d 638, 640 [2014]; *Baron v Brown*, 101 AD3d 915, 916-917 [2012]; *Quizhpe v Luvin Constr.*, 70 AD3d 912, 914 [2010]). "A motion for summary judgment on one claim or defense does not provide a basis for searching the record and granting summary judgment on an unrelated claim or defense" (*Quizhpe v Luvin Constr.*, 70 AD3d at 914 [internal quotation marks and citations omitted]).

The Surrogate's Court improperly searched the record and awarded summary judgment to Donald dismissing objections 1 (i) and 9. Robert moved for summary judgment on these objections solely on the grounds that he established that Donald converted funds from the father's estate and failed to account for funds that the estate owed to JoAnn. Donald did not cross-move for summary judgment dismissing those objections on the basis of the statute of limitations, nor did he argue it in opposition. In view of the limited scope of Robert's motion, it was not appropriate to search the record and award summary judg-

ment to Donald dismissing these objections upon arguments that were not raised (*see Dunham v Hilco Constr. Co.*, 89 NY2d at 429-430; *Matter of Parisi*, 111 AD3d 941, 944 [2013]; *Baron v Brown*, 101 AD3d at 917; *Quizhpe v Luvin Constr.*, 70 AD3d at 914).

Additionally, the Surrogate's Court improperly granted summary judgment to Donald dismissing objection 1 (a) based upon the statute of limitations because triable issues of fact remain as to when the statute of limitations began to run (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Mastro, J.P., Balkin, Sgroi and Miller, JJ., concur.