■ Edward L. Shugrue III et al., Appellants, v Lee Stahl et al., Respondents. [65 NYS3d 709]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered June 2, 2017, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing plaintiffs' fraudulent inducement claim, and denied plaintiffs' motion for summary judgment dismissing defendants' breach of contract and anticipatory breach of contract counterclaims, unanimously modified, on the law, to deny defendants' motion, and otherwise affirmed, without costs.

The court erred in granting defendants summary judgment dismissing plaintiffs' fraudulent inducement claim on grounds

of absence of justifiable reliance, as defendants did not raise the argument in their summary judgment motion (*Baseball Off. of Commr. v Marsh & McLennan*, 295 AD2d 73, 82 [1st Dept 2002]; *Sadkin v Raskin & Rappoport*, 271 AD2d 272, 273 [1st Dept 2000]; *see Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429-430 [1996]). Accordingly, we modify to reinstate the claim. Further, as limited by the parties' motion papers, we find issues of fact as to whether defendants made misrepresentations regarding the status of the approvals and permits required for the renovation work that allegedly induced plaintiffs to enter into the construction contract.

"Contract damages are ordinarily intended to give the injured party the benefit of the bargain by awarding a sum of money that will, to the extent possible, put that party in as good a position as it would have been in had the contract been performed" (*Goodstein Constr. Corp. v City of New York*, 80 NY2d 366, 373 [1992]). Plaintiffs claim that the schedule attached to the contract lists defendants' estimated profit upon completion. However, it is unclear from the schedule alone whether defendants would have realized actual profits in this fixed-price contract that differ from the estimation listed. Because plaintiffs failed to meet their prima facie burden, plaintiffs' motion for summary judgment as to defendants' counterclaims was properly denied. Concur—Tom, J.P., Richter, Kapnick, Kern and Moulton, JJ.