Philogene v Duckett (2018 NY Slip Op 05507)





Philogene v Duckett


2018 NY Slip Op 05507


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2016-11387
 (Index No. 5308/09)

[*1]Guy-Michel Philogene, etc., appellant, 
v
Ronald G. Duckett, respondent.


Jean Law Firm, Wappingers Falls, NY (Sidney Jean of counsel), and Rivkin Radler LLP, Uniondale, NY (Cheryl F. Korman of counsel), for appellant (one brief filed).
Simonetti & Associates, Woodbury, NY (Louis F. Simonetti, Jr., and Timothy J. Fallon of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of fiduciary duty and breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), entered August 11, 2016. The order, insofar as appealed from, searched the record and awarded summary judgment to the defendant dismissing the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs.
The plaintiff, Guy-Michel Philogene, individually and as a member of Verity Associates, LLC (hereinafter Verity), "suing in the right" of Verity, commenced this action against the defendant seeking injunctive relief, money damages, and an accounting based on, among other theories of liability, breach of fiduciary duty and breach of contract. The defendant moved for summary judgment on his counterclaim for judicial dissolution of Verity. In an order entered August 11, 2016, the Supreme Court, inter alia, searched the record and awarded summary judgment to the defendant dismissing the complaint. The plaintiff appeals.
"[O]n a motion for summary judgment, the court is limited to the issues or defenses that are the subject of the motion before the court" (Matter of Pritchett, 128 AD3d 836, 837; see Dunham v Hilco Constr. Co., 89 NY2d 425, 429-430; Rosenblatt v St. George Health & Racquetball Assoc., LLC, 119 AD3d 45, 52). Here, since the defendant moved for summary judgment only on his counterclaim for the judicial dissolution of Verity, the Supreme Court should not have searched the record and awarded summary judgment to the defendant dismissing the complaint (see Quizhpe v Luvin Constr., 70 AD3d 912, 914; Whitman Realty Group, Inc. v Galano, 52 AD3d 505, 506; Baseball Off. of Commr. v Marsh & McLennan, 295 AD2d 73, 82; Carrollwood Condominium Bd. of Mgrs. v Pulle, 291 AD2d 425, 426).
The plaintiff's remaining contention is without merit.
Accordingly, the order must be reversed insofar as appealed from.
BALKIN, J.P., LEVENTHAL, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court