Galasso, Langione & Botter, LLP v Galasso (2019 NY Slip Op 07770)





Galasso, Langione & Botter, LLP v Galasso


2019 NY Slip Op 07770


Decided on October 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JOHN M. LEVENTHAL
HECTOR D. LASALLE, JJ.


2017-05741
 (Index Nos. 10038/07, 19198/07, 14211/07, 1510/09)

[*1]Galasso, Langione & Botter, LLP, etc., plaintiff,
v
Anthony P. Galasso, et al., defendants. (Action No. 1.)
Galasso, Langione & Botter, LLP, et al., plaintiffs,Signature Bank, et al., defendants. (Action No. 2.)
Signature Bank, plaintiff,
v
Galasso, Langione & Botter, et al., defendants. (Action No. 3.)
Wendy Baron, et al., respondents,Anthony Galasso, et al., defendants, James Langione, appellant. (Action No. 4.)
 Mark E. Goidell, Garden City, NY, for appellant.


Anthony A. Capetola, Williston Park, NY (Michael C. Barrows of counsel), for respondents.



DECISION & ORDER
In related actions, inter alia, to recover damages for negligence and breach of fiduciary duty, James Langione, a defendant in Action No. 4, appeals from an order of the Supreme Court, Nassau County (Vito M. DeStefano, J.), entered April 10, 2017. The order, insofar as appealed from, upon reargument, adhered to so much of a determination in an order dated September 19, 2016, as, upon searching the record, awarded summary judgment to the plaintiffs in Action No. 4 on the second, fourth, and tenth causes of action insofar as asserted against James Langione.
ORDERED that the order entered April 10, 2017, is reversed insofar as appealed from, on the law, with costs, and, upon reargument, so much of the determination in the order dated September 19, 2016, as, upon searching the record, awarded summary judgment to the plaintiffs in Action No. 4 on the second, fourth, and tenth causes of action insofar as asserted against James Langione is vacated.
The underlying facts for these related actions may be found in our decision and order in a related appeal (see Galasso, Langione & Botter, LLP v Galasso, _____ AD3d _____ [Appellate Division Docket No. 2016-12230; decided herewith]).
In the order appealed from, the Supreme Court, upon reargument, adhered to so much of a determination in an order dated September 19, 2016, as, upon searching the record, awarded summary judgment to the plaintiffs in Action No. 4 on the second, fourth, and tenth causes of action insofar as asserted against James Langione.
On a motion for summary judgment, the court is limited to the issues or defenses that are the subject of the motion before the court (see Dunham v Hilco Constr. Co., 89 NY2d 425, 429-430; Baron v Brown, 101 AD3d 915, 916-917; Quizhpe v Luvin Constr., 70 AD3d 912, 914). Here, the scope of the arguments made by the plaintiffs in Action No. 4 in support of their motion for summary judgment was limited, and the Supreme Court should not have searched the record and awarded summary judgment to the plaintiffs on the second, fourth, and tenth causes of action insofar as asserted against Langione based upon arguments that were not raised (see Matter of Pritchett, 128 AD3d 836; Matter of Parisi, 111 AD3d 941, 944; Baron v Brown, 101 AD3d at 917; Quizhpe v Luvin Constr., 70 AD3d at 914).
Accordingly, upon reargument, we vacate so much of the determination in the order dated September 19, 2016, as, upon searching the record, awarded summary judgment to the plaintiffs in Action No. 4 on the second, fourth, and tenth causes of action insofar as asserted against Langione.
BALKIN, J.P., CHAMBERS, LEVENTHAL and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court