Gibbons v Alicart Rest. Group (2021 NY Slip Op 02220)





Gibbons v Alicart Rest. Group


2021 NY Slip Op 02220


Decided on April 08, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 08, 2021

Before: Webber, J.P., Mazzarelli, González, Mendez, JJ. 


Index No. 162004/15 Appeal No. 13547 Case No. 2020-03273 

[*1]Eileen Gibbons et al., Plaintiffs-Appellants,
v
Alicart Restaurant Group Doing Business as Carmine's on Broadway, Defendant-Respondent, Excellent Builders, Inc., Defendant.


The Law Offices of Edmond C. Chakmakian, P.C., Hauppauge (Edmond C. Chakmakian of counsel), for appellants.
Goldberg Segalla LLP, Garden City (Erin N. Mackin of counsel), for respondent.



Order, Supreme Court, New York County (Alan C. Marin, J.), entered February 13, 2020, which, to the extent appealed from as limited by the briefs, upon defendant Excellent Builders, Inc.'s motion for summary judgment dismissing the complaint as against it, dismissed the complaint as against defendant Alicart Restaurant Group d/b/a Carmine's On Broadway, unanimously reversed, on the law and the facts, without costs, and the order vacated to that extent.
Plaintiff Eileen Gibbons seeks to recover damages for personal injuries she allegedly sustained when she was caused to slip and fall because of a dangerous condition at the premises leased by defendant Carmine's Broadway Feast Inc. i/s/h/a Alicart Restaurant Group doing business as Carmine's On Broadway (Carmine's), which operated Carmine's Restaurant at that location.[FN1] Plaintiff alleged that while dining at the restaurant, she slipped and fell on water on the floor of the women's restroom because of improperly designed, placed, and installed sinks, and negligent failure to mop the area. Defendant (not a party to this appeal) Excellent Builders, Inc. (Excellent) had renovated the restroom a few months before the accident.
Defendant Excellent moved for summary judgment dismissing the complaint and any cross claims against it, arguing that plaintiffs had failed to establish a cause of action against it because it had no duty to plaintiffs and it did not create or have notice of any defective condition. There was no opposition to the motion. The court granted Excellent's motion to dismiss and stated that pursuant to a search of the record, it was also dismissing the complaint pursuant to CPLR 3212(b) as to defendant Carmine's.
We find that the court erred in dismissing the complaint as against defendant Carmine's based upon defendant Excellent's motion. Carmine's defense is completely different from that of Excellent (Sadkin v Raskin & Rappoport , 271 AD2d 272, 273 [1st Dept 2000] ["(a) motion for summary judgment on one claim or defense does not provide a basis for searching the record and granting summary judgment on an unrelated claim or defense"]. Further, to the extent plaintiffs were not put on notice that they would be required to respond to a motion for summary judgment, dismissing the entire complaint as against all defendants, plaintiffs were deprived of due process (see Dunham v Hilco Constr. Co. , 89 NY2d 425, 429-430 [1996]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 8, 2021



Footnotes

Footnote 1: Plaintiff Thomas Gibbons sues derivatively.