Christopher v Piard (2023 NY Slip Op 05787)

Christopher v Piard

2023 NY Slip Op 05787

Decided on November 16, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 16, 2023

Before: Renwick, P.J., Kern, Gesmer, Shulman, O'Neill Levy, JJ. 

Index No. 152872/19 Appeal No. 1041 Case No. 2022-04640 

[*1]Sean E. Christopher, Plaintiff-Respondent,
v
Donna D. Piard et al., Defendants, Y&H Enterprises, Inc., Defendant-Appellant.

Lepore Law Group, New York (Love Ahuja of counsel), for appellant.
McMahon & McCarthy, Bronx (Daniel C. Murphy of counsel), for respondent.

Order, Supreme Court, New York County (Lisa S. Headley, J.), entered September 12, 2022, which, to the extent appealed from, sua sponte granted plaintiff summary judgment on his claims against defendant Y&H Enterprises, Inc. (Y&H), unanimously reversed, on the law, without costs, and the sua sponte grant of summary judgment vacated.
Plaintiff Sean E. Christopher commenced this action seeking to recover damages for personal injuries sustained during a car accident. At the time of the accident, the vehicle owned by defendant Piard was operated by an employee of defendant Y&H, which rear ended plaintiff's vehicle. Defendant Piard moved for summary judgment dismissing the claims that plaintiff asserted against her on the ground that she was free from negligence because she had not given Y&H permission to operate her vehicle outside Y&H's garage. Besides opposing defendant Piard's motion, plaintiff cross-moved for summary judgment on liability against defendant Piard. Supreme Court granted defendant Piard' s motion for summary judgment dismissing the claims plaintiff asserted against her, while also sua sponte granting plaintiff partial summary judgment on liability on his claim against co-defendant Y&H.
We agree with defendant Y&H that the motion court erred in searching the record and granting summary judgment to plaintiff on plaintiff's claim against Y&H. A motion for summary judgment on one claim or defense does not provide a basis for searching the record and granting summary judgment on an unrelated claim or defense (Sadkin v Raskin & Rappoport, P.C., 271 AD2d 272, 273 [1st Dept 2000]; see also Frank v City of New York, 211 AD2d 478, 479 [1st Dept 1995]). Here, the only issues raised with respect to defendant Piard's motion and plaintiff's cross-motion were defendant Piard's liability and plaintiff's comparative fault. The court therefore erred in granting summary judgment to plaintiff based on co-defendant's Y&H's liability.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 16, 2023