**Praeger v Praeger**

2024 NY Slip Op 32429(U)

July 15, 2024

Supreme Court, New York County

Docket Number: Index No. 161674/2023

Judge: Douglas E. Hoffman

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. DOUGLAS E. HOFFMAN                   PART                    44

*Justice*

--------------------------------------------------------------------------------X

BRENNA PRAEGER,

INDEX NO.          161674/2023

Plaintiff,

MOTION DATE       02/09/2024

- v -

MOTION SEQ. NO.       001

LAWRENCE PRAEGER,

**DECISION + ORDER ON MOTION**

Defendant.

--------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37

were read on this motion to/for                              DISMISS                              .

**DOUGLAS E. HOFFMAN, J.S.C.**

In herein plenary action, Plaintiff Brenna Praeger seeks relief related to certain joint tax returns and related tax refunds, which she alleges were filed by her then-husband, Defendant Lawrence Praeger, without her signature. Plaintiff alleges that for the tax years 2019, 2020, and 2021, Defendant filed tax returns "jointly" as a married couple with Plaintiff, then received refund checks, and deposited those sums into Defendant's separate account. Plaintiff alleges that the parties were married in 2008 and filed for divorce in 2019. Plaintiff seeks relief by various causes of action: conversion, constructive trust, Identity Theft Pursuant to New York Business Law 380-s, accounting, and unjust enrichment. Plaintiff alleges that the sums in controversy are "upon information and belief" over $4 million. Plaintiff does not allege that any of the underlying income was earned by Plaintiff. [Verified Complaint, NYSCEF doc. 2]. As the parties were still married and their matrimonial action was then pending before the undersigned when this action was filed, the herein plenary action was also assigned to Part 44.

161674/2023   PRAEGER, BRENNA vs. PRAEGER, LAWRENCE
Motion No.  001

Page 1 of 10

Defendant filed an Answer (NYSCEF doc. 7), and now moves, by herein motion for dismissal pursuant to CPLR § 3211(a) (7) and / or summary judgment pursuant to CPLR 3212(a).

On a motion to dismiss pursuant to CPLR § 3211 (a) (7), the court must "accept the facts as alleged in the complaint as true, accord plaintiff[ ] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory." *Connaughton v Chipotle Mexican Grill, Inc*., 29 NY3d 137, 141 [2017], quoting *Leon v Martinez*, 84 NY2d 83, 87-88 [1994].  Although factual allegations in a complaint are afforded a favorable inference, bare legal conclusions and inherently incredible facts are not entitled to preferential treatment. *Matter of Sud v Sud*, 211 AD2d 423, 424 [1st Dept 1995].

On a motion for summary judgment, "the proponent must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. Once this showing is satisfied, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action. The facts must be considered in the light most favorable to the non-moving party. Since an order granting summary judgment resolves an issue as a matter of law, it is considered a drastic remedy which should only be employed when there is no doubt as to the absence of triable issues. The court's role on a motion for summary judgment is issue-finding, not issue-determination." *Lebedev v. Blavatnik*, 193 AD3d 175, 182 [1st Dept 2021] (citations omitted).  The court also notes that it cannot grant summary judgment on any basis not raised by the motion because the other side would not have had notice and opportunity to be heard.  *Patel v. Sharma*, 168 AD3d 966, 967 [2d Dept 2019]; *see also In re Pritchett*, 128 AD3d 836, 837 [2d Dept 2015] ("on a motion for

**161674/2023   PRAEGER, BRENNA vs. PRAEGER, LAWRENCE**
**Motion No.  001**

**Page 2 of 10**

2 of 10

summary judgment, the court is limited to the issues or defenses that are the subject of the motion before the court").

Prior to this motion, Defendant in herein action moved, by proposed Order to Show Cause motion seq. 022 in the parties' matrimonial action to consolidate the herein plenary action into the matrimonial action and for the claims to be dismissed after that requested consolidation, but the consolidation was declined to be signed, by Order – Decline to Sign, NYSCEF doc. 641 in Index 309962/2019, *Lawrence Praeger v Brenna Praeger*, stating, in relevant part, as follows:

> In this 2019-filed action for divorce and ancillary relief, where both spouse parties have resolved (either on consent or pursuant to their prenuptial agreement) all ancillary issues, submitted proposed Judgment of Divorce, and have submitted and confirmed to the Court that they have complied with the removal of barriers to remarriage requirement in this case, where the parties were married in a religious ceremony [Husband moves to consolidate the plenary action, and then, once consolidated, dismiss the claims]. Plaintiff husband cites and attaches certain papers on prior motion sequence 015 in herein action, whereby Defendant wife sought a portion of at least some of the tax refunds from the joint tax filings that are at issue in the plenary action Plaintiff husband seeks to consolidate here. As this Court held in the Decision and Order on that motion sequence 015 (NYSCEF doc. 575, entered July 13, 2023), those refunds were "created after a Termination Event, making the Prenuptial Agreement inapplicable. Accordingly, the tax provisions of the Prenuptial Agreement cited by Plaintiff's counsel are wholly irrelevant." *Id*. at 5. Further, as also stated in that Decision and Order, the asserted funds are not "marital" funds nor funds subject to the parties' prenuptial agreement:
>
>> By its own terms, 2021 and 2022-created financial assets are not subject to the terms of the Prenuptial Agreement (unless an argument is made that the assets actually existed at a Termination Event, which is not being asserted here). Further, pursuant to DRL §236, post-commencement assets cannot be "marital" property, which is defined as:
>>
>>> The term "marital property" shall mean all property acquired by either or both spouses during the marriage and before the execution of a separation agreement or the commencement of a matrimonial action, regardless of the form in which title is held, except as otherwise provided in agreement pursuant to subdivision three of this part. Marital property shall not include separate property as hereinafter defined.
>>> DRL § 236B
>>
>> Wife may (or may not) be correct that the refunds may be a "joint" asset of Mr. Praeger and Ms. Praeger, regardless of this action (i.e., "joint" under banking or other laws, even if not "marital" property). There is no claim made in this action, which is for a judgment of divorce pursuant to DRL § 170(7) and ancillary relief, for these 2021 assets. There is no cause of action relating to these taxes and

**161674/2023   PRAEGER, BRENNA vs. PRAEGER, LAWRENCE**
**Motion No.  001**

**Page 3 of 10**

3 of 10

refunds in any answer or amended answer. As the alleged cause of action, as yet unplead, *relates to post-date of commencement conduct and post-commencement income and assets, it may be appropriate, if Wife is so advised, to commence a plenary action under whatever statute may support a cause of action, if any*. . . . [Accordingly,] motion sequence 015 is denied without prejudice to a filing in appropriate action and court, which may be a plenary action, if so advised.

[Decision and Order on motion sequence 015, NYSCEF doc. 575, entered July 13, 2023] (emphasis added).

Therefore, whether the tax refunds sought in motion sequence 015 should be a part of the matrimonial action was already addressed, and it is law of the case that they are not part of the matrimonial action but may be brought in a plenary action (without prejudice to the rights of either party regarding the ultimate outcome of any such action, of course). If Ms. Praeger now (or in the future) seeks a share of any tax refunds that were not part of her motion sequence 015 application here, a similar analysis would be undertaken in the plenary action: whether the requested funds concerned a period after the Termination Event as defined in the parties' prenuptial agreement and / or after the date of commencement. Further, subsequent to motion sequence 015 Decision and Order, the parties in the herein matrimonial action entered into a final stipulation, and submitted the proposed Judgment of Divorce. There is no stated basis to consolidate Ms. Praeger's now-filed separate plenary action, the focus of which is *post-date of commencement conduct and post-commencement income and assets*, into herein *completed* matrimonial action. There is nothing to consolidate the plenary action into, realistically, as there is no financial case pending anymore.

Accordingly, upon the aforementioned papers, prior proceedings in this matter, and for the reasons stated herein, the Court DECLINES TO SIGN the proposed Order to Show Cause, motion seq. 022, without prejudice to any claims by either party in the plenary action, and without prejudice to any assignment of that plenary action to the undersigned or another Justice of this Court.

As of the July 1, 2024 entry of judgment (NYSCEF doc. 741 in the matrimonial action), the parties are now divorced. They were divorced pursuant to a July 26, 2023 Stipulation of Settlement as entered into in open court, affirmed, and So Ordered after a detailed allocution (NYSCEF doc. 584, 594 in the matrimonial action, NYSCEF doc. 25 on herein motion except for the affirmation). The parties had also entered into a Prenuptial Agreement prior to their 2008 marriage (NYSCEF doc. 19 in herein action), which remained valid in the matrimonial action. The matrimonial action was filed on November 6, 2019 (the "Commencement Date"), which is

161674/2023   PRAEGER, BRENNA vs. PRAEGER, LAWRENCE
Motion No.  001

Page 4 of 10

[* 4]

4 of 10

also the triggering "Termination Event" as that term is defined in the parties' valid prenuptial agreement.

In support of his motion herein, Defendant states that the parties' financial issues were resolved by the July 26, 2023 Stipulation of Settlement in the matrimonial action, and that Plaintiff here is merely seeking a "second bite" at the apple, as stated in detail by Defendant here, as follows:

> TAX RETURNS 2019:
> 10. The 2019 tax return was governed by the prenuptial agreement. The prenuptial agreement governs the period between the date of marriage on September 6, 2008 and commencement of the matrimonial action on November 6, 2019. Plaintiff received $2,274,900.00 dollar payment in full satisfaction of equitable distribution.
> TAX RETURNS 2020-2021:
> 11. The 2020 and 2021 tax returns relate to an overpayment of taxes on income that was generated post commencement of the matrimonial action, which Plaintiff does not have a claim to as income and liabilities cut off on the date of the commencement of the matrimonial action. Moreover, pursuant to prenuptial agreement Plaintiff received her share of equitable distribution in the sum of $2,274,900.00 dollar in full satisfaction of equitable distribution.
> 12. Furthermore, the 2020, and 2021 Tax Refund was based on an over payment of taxes that Plaintiff was not entitled in light of the prenuptial agreement and Plaintiff's acceptance of the payment pursuant to the prenuptial agreement in the sum of $2,274,900 dollars. Regarding the 2019 tax return that was subject the prenuptial agreement.
> 13. Moreover, any taxes that were paid was paid from separate account and any refund was deposited into a separate account.
> 14. Plaintiff's assertion that your affiant signed Plaintiff's name on the 2019,2020,2021 Tax Refund is fabricated and intended to malign your affiant. Annexed, as Exhibit "0" is an affidavit from my accountant Samuel Boodman, CPA.
> [NYSCEF doc. 9, Def. aff.]

Defendant's counsel then correctly cites matrimonial law that to the extent that 2020 and 2021 tax refunds are for sums that Defendant overpaid from his post-commencement earnings,

**161674/2023   PRAEGER, BRENNA vs. PRAEGER, LAWRENCE**
**Motion No.  001**

**Page 5 of 10**

5 of 10

[* 5]

such post-commencement *earnings* themselves are not "marital property" and would not be subject to equitable distribution to a spouse (absent certain exceptions not alleged here). [NYSCEF doc. 10]. Counsel similarly cites the detailed settlement and allocution of the matrimonial action. *Id*. Defendant's accountant Samuel Boodman, CPA affirms as follows: "The matrimonial action was commenced on: November 6, 2019. The tax return refunds for the following years were generated on income that was earned post commencement of the matrimonial action: 2020 and 2021." [NYSCEF doc. 26].

In her opposition, Plaintiff states as follows: "In paragraph 34 of the [Def.] Aff., defense counsel argues that a final settlement was reached on the issue of equitable distribution of the marital assets, therefore barring litigation. However Defense counsel forgets that he states at paragraphs 33, 34 and 41, that the tax refunds are not a part of the marital estate. Therefore, the tax refunds in issue were never within the scope of the Matrimonial Action, which is why the Court held that the claims of this action should be severed in the first place." [Pl. reply aff., NYSCEF doc. 30]. Plaintiff's counsel also argues that res judicata and collateral estoppel from motions decided in the matrimonial action may prevent herein motion. The Court decides herein motion on the merits, without reference to decisions on prior motions in the matrimonial action, in part because those decisions were without prejudice to a plenary action (motion seq. 015 specifically stated that it was without prejudice to a plenary filing, without deciding the merits of any such plenary filing, and motion seq. 022 denied consolidation of herein action, without reaching any other branch of that motion).

On reply, Defendant's counsel adds that "Plaintiff fails to account for [] that economic partnership terminated with the commencement of the matrimonial action. *See[] Marcus v. Marcus*, 525 N.Y.S.2d 238 (N.Y. App. Div. 2d Dept.)." [NYSCEF doc. 36, Def. reply affir.].

**161674/2023   PRAEGER, BRENNA vs. PRAEGER, LAWRENCE**
**Motion No.  001**

**Page 6 of 10**

6 of 10

Defendant further explains the tax refunds, as follows: "the complaint does not state claim upon which Plaintiff is entitled to a portion of Defendant's over payment of taxes that generated a reimbursement by the government in the form of a tax refund. Defendant essentially gave a loan to the government and that loan was repaid to Defendant in the form of a tax refund. Plaintiff is not entitled to the portion of the loan that Defendant was repaid in the form of a tax refund." *Id*.

Defendant acknowledges that co-owners of an asset *could* owe funds to each other, but then states that filing a joint tax return did *not* make Plaintiff here a co-owner of Defendant's tax overpayments:

> pursuant to the IRS Code and Federal Law an overpayment of taxes which results in a refund belongs to the spouse that paid the taxes. See: Gordon v. United States, 757 F2d 1157 (11th Cir. 1985); Gens v. United States, 673 F2d 366 (Ct. Cl.) , cert , denied, 459 US 906 (1980) ("[t]he overpayment goes to the maker of the overpayment, not the contributor to income") United States v. McPhail, 149 Fed. Appx. 449 (2005) (the source of the payment determines the ownership of the refund).In re Bathrick, 1 BR 428, 430 (Bankr. SD Tex. 1979) ("the source of an overpayment of income tax determines the character of the refund") Samadi v. United States, 121 AFTR2d 2018-639 (DSC 2018) (dismissing ex-husband's refund complaint for stated years due to lack of standing because ex-wife had paid the tax).
> [NYSCEF doc. 36, Def. reply affir.].

Therein lies the crux of the case, on the last page of Defendant's <u>reply</u> affirmation: whether Mr. Praeger, by filing a joint tax return and (presumably) receiving a refund check made out jointly, created a right to some of these funds for Ms. Praeger, when, if not for this joint filing, both parties here are in agreement that any post-commencement earnings by Mr. Praeger are not part of the marital estate and Ms. Praeger as spouse would not have any rights to them. The complaint here is not based on marital "equitable distribution" but instead seeks post-commencement funds and refunds due to the allegedly joint return filed by Mr. Praeger and joint refunds received and

**161674/2023  PRAEGER, BRENNA vs. PRAEGER, LAWRENCE**
**Motion No.  001**

**Page 7 of 10**

7 of 10

deposited by him. [For the purposes of this discussion, the Court first focuses on 2020 and 2021 tax years, as 2019 is admittedly a mix of pre-commencement and post-commencement earned income, and will be addressed *supra*].

To the extent that the motion itself was based on arguments that Ms. Praeger's entitlement to the 2019-2021 refunds is barred by either the parties' prenuptial agreement or the matrimonial judgment, the motion necessarily fails on that basis. Both parties now agree that 2020 and 2021 funds, as well as 2019 funds (if any) post November 6, 2019 commencement were not covered by the parties' prenuptial agreement and were not a marital asset that could have been part of the "equitable distribution" in the matrimonial action. Whether pursuant to a motion to dismiss or motion for summary judgment, Defendant's motion, as filed, must be denied (without prejudice, for reasons discussed *supra*).

In his reply, however, Defendant raises a different legal theory for why the Complaint cannot be sufficient as a matter of law, even pursuant to all the facts as sufficiently pleaded by Plaintiff: that Plaintiff (who never alleged that any of the 2019-2021 income was earned by her) is not eligible for any portion of the tax refunds that are 100% the property of the person who earned the taxable income, as proportionate to their earnings or withholdings, here, 100% to Defendant. Mr. Praeger cites several cases for this proposition that, as the 100% earner of the declared income, he would be the 100% owner of the tax refund, even if he filed the returns jointly and refund checks were issued jointly. Ms. Praeger did not plead (or even affirm on herein motion) that any of the tax income at issue here was earned by her, or that she had any claim to that income, *prior* to the joint filings and refunds at issue here, and the Court need not address those un-plead hypotheticals, and would consider (on an appropriate motion) only whether Mr. Praeger's separate income would remain purely his property even after the alleged

**161674/2023   PRAEGER, BRENNA vs. PRAEGER, LAWRENCE**
**Motion No. 001**

**Page 8 of 10**

8 of 10

[* 8]

joint filings and refunds at issue here [the Court states "alleged" because there are no tax filings or tax refund checks filed herein]. There is no disagreement between the parties that pre-commencement income (if any) was resolved in the matrimonial action.

However, as Ms. Praeger has not had an opportunity to respond to this new theory (regarding 100% ownership of a joint refund to the 100% earner of the underlying income), and neither party has submitted the relevant tax returns or tax refunds, the Court cannot at this time grant Mr. Praeger summary judgment on a theory that Plaintiff did not have an opportunity to oppose (if such relief were otherwise appropriate, which the Court does not determine on this motion). *See Patel v. Sharma*, 168 AD3d at 967, *In re Pritchett*, 128 AD3d at 837, *supra.*

Although Plaintiff may argue that Defendant's new legal theory on reply should be barred on any new summary judgment motion due to a strong policy against successive summary judgment motions (or their equivalent), it is also important to note that, as the Court of Appeals has stated, where a Plaintiff's claim is truly precluded by law, there should be no reason to force it on the trial calendar to make that determination:

> Summary judgment is designed to expedite all civil cases by eliminating from the Trial Calendar claims which can properly be resolved as a matter of law. Since it deprives the litigant of his day in court it is considered a drastic remedy which should only be employed when there is no doubt as to the absence of triable issues. But when there is no genuine issue to be resolved at trial, the case should be summarily decided, and an unfounded reluctance to employ the remedy will only serve to swell the Trial Calendar and thus deny to other litigants the right to have their claims promptly adjudicated. *Andre v. Pomeroy*, 35 NY2d 361, 364 [1974]

Accordingly, upon the aforementioned papers, prior proceedings in this matter, and for the reasons stated herein, **IT IS ORDERED**, that motion sequence 001 is denied without prejudice to a new motion for summary judgment, if so advised, for reasons stated herein, which new motion shall be filed within 60 days, if at all (after which time, such a motion shall be precluded unless good cause is shown for a late filing).

161674/2023   PRAEGER, BRENNA vs. PRAEGER, LAWRENCE
Motion No.  001

Page 9 of 10

9 of 10

Parties (and counsel if any) shall appear for the Preliminary Conference in herein action on **September 19, 2024 at 10:45 am**, in person, in Part 44.

This original Decision and Order is filed by the Court on NYSCEF, which shall constitute filing and entry. Plaintiff is hereby directed to file a Notice of Entry of herein Decision and Order within five days.

DP
7-15-24

HON. DOUGLAS E. HOFFMAN
J.S.C.

<u>7/15/2024</u>
**DATE**

**DOUGLAS E. HOFFMAN, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | | GRANTED IN PART | X OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**161674/2023   PRAEGER, BRENNA vs. PRAEGER, LAWRENCE**
**Motion No.  001**

**Page 10 of 10**